
**WATSON v. UNITED STATES.**

Nos. 9778, 9779.

United States Court of Appeals
District of Columbia Circuit.

Argued June 7, 1948.

Decided Nov. 1, 1948.

Mr. P. Bateman Ennis for appellant.

Mr. Ross O'Donoghue, Assistant United States Attorney, with whom Mr. George Morris Fay, United States Attorney, and Mr. John C. Conliff, Assistant United States Attorney, who entered appearances, were on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, also entered an appearance for appellee.

Before STEPHENS, Chief Justice, and EDGERTON and PROCTOR, Associate Justices.

STEPHENS, Chief Justice.

The appellant Watson was convicted of housebreaking in Criminal No. 73156 and of a similar charge in Criminal No. 73786 in the United States District Court for the District of Columbia. On October 3, 1944, a sentence of eight months to two years in the penitentiary in the first of these cases, and of one to four years in the second, was imposed upon him, the sentences to run concurrently. These cases are hereafter referred to as the pre-escape housebreaking cases. The appellant was detained in the Washington Asylum and Jail in the District of Columbia pending transfer to the penitentiary, but prior to his transfer he escaped. He was indicted for this escape in Criminal No. 74919, hereafter referred to as the escape case. He was also indicted in Criminal Nos. 74925 and 74926 for two additional housebreakings charged to have been committed after the escape; these cases are hereafter referred to as the post-escape housebreaking cases. To all three of these charges the appellant pleaded guilty, and on July 13, 1945, he was sentenced on all three such charges. In the escape case he was sentenced to imprisonment for a period of two to six years, "said sentence to take effect at expiration of sentence now being served." It is not in dispute that this reference is to the sentences imposed in the two pre-escape housebreaking cases. In the first of the two post-escape housebreaking cases he was sentenced to imprisonment for a period of two to six years, the sentence to run concurrently with the one imposed in the escape case; and in the second of the two post-escape

housebeaking cases he was sentenced also to imprisonment for a period of two to six years, that sentence to run concurrently with the sentence imposed in the first of the two post-escape housebreaking cases. The appellant was received at the penitentiary on the day these three sentences were imposed. On July 30, 1946, the District Court *sua sponte* vacated the two to six years sentence in the escape case upon the ground that it was invalid, the period of punishment for escape being limited by statute to a maximum of five years. 18 U.S.C. § 753h (1940). On May 7, 1947, the appellant filed a petition for an order directing that the record entries and commitments in the two post-escape housebreaking cases be corrected so as to specify. that the sentences therein should run concurrently with the sentences in the two pre-escape housebreaking cases, and that they should commence to run on July 13, 1945, since that was the date on which the appellant was received at the penitentiary under the sentences in the two post-escape housebreaking cases. This petition was denied and from the order of denial these appeals were taken. The contention of the appellant is that the sentence in the escape case is an "anchor sentence," through which the court evidenced its intention that the sentences in the two post-escape housebreaking cases should take effect at the expiration of the "sentence now being served," but that when the "anchor sentence" was vacated there was nothing to evidence that intention and in consequence the sentences in the two post-escape housebreaking cases commenced to run on July 13, 1945, by virtue of 18 U.S.C. § 709a (1940). This statute provides that the "sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence. . . ."

■■ We think the appellant's contention is not supportable. It is clear, if the whole of the foregoing sentence record is considered, that the District Court intended that the sentence in the escape case and the sentences in the two post-escape housebreaking cases should commence to run, concurrently, at the expiration of service of the sentences in the two pre-escape housebreaking cases. What the appellant's contention in effect comes to is that because the so-called "anchor sentence" in the escape case was vacated as void and is therefore of no effect as an agency of punishment for the escape, its words cannot be looked to for the purpose of ascertaining the intention of the court as to the time of taking effect of the sentences in the two post-escape housebreaking cases. This view is not warranted either in reason or in any authority of either binding or persuasive force to which our attention is called. It is a purely conceptualistic contention which would require the District Court to blind its eyes to clear evidence of its own intention in respect of the time of commencement of the sentences in the two post-escape housebreaking cases. That a sentence may be void as an agency of punishment does not obliterate it from the records of the court so far as concerns its effect to evidence the intention of the court in respect of connected sentences.

The appellant relies upon Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, and United States v. Tuffanelli, 7 Cir., 1943, 138 F.2d 981. These cases are not pertinent. The Ekberg case holds merely that time served under an invalid sentence, to which other sentences were consecutive, must be credited to the latter. The Tuffanelli case holds that a district court, after a court of appeals has affirmed convictions on certain counts and reversed convictions on other counts, may not enter a new, different and modified judgment on the counts which have been affirmed and thereby augment the sentences originally imposed upon such counts.

Affirmed.