Douglas Warren **DAILEY,** Petitioner-
Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 12336.

United States Court of Appeals
Seventh Circuit.

Oct. 1, 1958.

Douglas Warren Dailey, pro se.

Phil M. McNagny, Jr., U. S. Atty.,
Fort Wayne, Ind., Hugh A. Henry, Jr.,
Asst. U. S. Atty., South Bend, Ind.
Charles R. LeMaster, Asst. U. S. Atty.,
Fort Wayne, Ind., for appellee.

Before DUFFY, Chief Judge, and
MAJOR and HASTINGS, Circuit
Judges.

DUFFY, Chief Judge.

Petitioner was charged in nine counts
with violation of the Mann Act, Title
18 U.S.C.A. § 2421. The nine counts
involved the transporting of seven dif-
ferent women on four separate occasions.
The information was originally filed in
the District of Delaware. Petitioner
was apprehended in the Northern Dis-
trict of Indiana, and the case was han-
dled there pursuant to Rule 20, Federal
Rules of Criminal Procedure, 18 U.S.
C.A. The Petitioner entered a plea of
guilty to each of the nine counts of the
information.

The District Court imposed a sentence
of five years on Count I. It imposed a
sentence of five years on Count II "to
be served consecutively to the sentence
on Count I of the information."

Petitioner filed a petition for correc-
tion of sentence under § 2255, Title 28
U.S.C.A. He relies upon the decision of
the Supreme Court in Bell v. United

States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, which held that the interstate transportation of more than one woman in the same vehicle at the same time for the purpose of prostitution constitutes only a single offense and will not sustain more than one sentence.

Petitioner is correct in insisting that a separate sentence should not have been imposed upon Count II of the information. Count I and Count II each referred to a single transportation from Wilmington, Delaware to the State of New Jersey, occurring July 9, 1956. Count I is good, but Count II is not. Under the holding in the Bell case, sentence could have been properly imposed only on Counts I, III, VI and VIII.

The question before us arises because the District Court directed that sentences on Counts III to IX, inclusive, should be served concurrently with and were to run concurrently with the sentence on Count II. Of course, petitioner will not serve any sentence under Count II.

The Court could properly have imposed consecutive sentences totaling twenty years on Counts I, III, VI and VIII. The District Judge realized that the petitioner had been engaged on a large scale in the business of transporting women across State lines for immoral purposes. He referred to it as "a filthy racket." It was clearly the intention of the Court to impose a sentence of five years on Count I, and that all of the additional Counts were to be served in a five-year period which would commence at the conclusion of the service of Count I. The Court specifically directed that the sentences on Counts III to IX, inclusive, were "to be served."

Watson v. United States, 84 U.S.App. D.C. 86, 174 F.2d 253, is in accord. There, the so-called "anchor sentence" with which other valid sentences were to run concurrently, was the sentence which was vacated. Chief Judge Stephens stated, 174 F.2d page 254: "That a sentence may be void as an agency of punishment does not obliterate it from the records of the court so far as concerns its effect to evidence the intention of the court in respect of connected sentences." We hold that it was the clear intention of the district court to impose a five-year sentence under Count I and an additional five-year sentence on all of the other counts, such counts to run concurrently with each other, but to commence at the completion of the term imposed under Count I.

The order of the District Court dated March 14, 1958 is reversed and remanded with instructions to vacate the sentences imposed upon the petitioner under Counts II, IV, V and VII of the information; that the judgment of conviction be construed and interpreted so that the concurrent terms imposed under Counts III, VI and VIII of the information shall commence to run immediately upon the completion of the term imposed under Count I of the said information.

Reversed and remanded.