Douglas W. DAILEY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13573.

United States Court of Appeals Seventh Circuit.

May 24, 1962.

Charles Calisoff, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Kenneth P. Fedder, Asst. U. S. Atty., South Bend, Ind., Philip Carlton Potts, Special Asst. to the U. S. Atty., N. D. Indiana, for appellee

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges

CASTLE, Circuit Judge.

Petitioner has appealed from an order of the trial court denying his motion to vacate and set aside his sentence pursuant to Title 28 of the United States Code, Section 2255.

Petitioner was sentenced on a nine count information charging violation of the Mann Act, Title 18, Section 2421 of the United States Code.

Petitioner had theretofore entered guilty pleas to all counts pursuant to the provisions of Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C., thereby transferring jurisdiction from the District of Delaware to the Northern District of Indiana.

The Court sentenced petitioner to five years to be served on Count I and five years on Count II, to be served consecutively to the sentence on Count I. On the remaining seven counts petitioner was sentenced to five years on each count but they were all to be served concurrently with the sentence imposed on Count II.

Thereafter petitioner filed a motion for correction of sentence under Title 28, Section 2255 of the United States Code. The trial court denied petitioner's motion giving rise to the appeal which resulted in the opinion rendered by this Court in Dailey v. United States, 7 Cir., 259 F.2d 433, certiorari denied 359 U.S. 937, 79 S.Ct. 653, 3 L.Ed.2d 638. The opinion contained the following mandate:

" * * * The order of the District Court dated March 14, 1958 is reversed and remanded with instructions to vacate the sentences imposed upon the petitioner under Counts II, IV, V, and VII of the information; that the judgment of conviction be construed and interpreted so that the concurrent terms imposed under Counts III, VI, and VIII of the information shall commence to run immediately upon the completion of the term imposed under Count I of the said information."

Pursuant to this mandate the trial court entered the following order on October 28, 1958:

"This case having been remanded to this Court by the United States Court of Appeals for the Seventh Circuit by decision dated October 1, 1958, with instructions for correction of sentence,

"It is hereby ORDERED, ADJUDGED and DECREED that the sentences imposed on January 21, 1957, upon Counts II, IV, V, and VII of the information be vacated.

"It is further ORDERED, ADJUDGED and DECREED that the concurrent sentences under Counts III, VI, and VIII of the information shall commence to run immediately upon completion of the term imposed under Count I of the information."

On August 17, 1961 petitioner filed a motion to vacate and set aside his sentence under Title 18 of the United States Code, Section 2255, alleging in substance that:

1. This Court went beyond its scope of authority in its opinion and mandate.

2. The District Court erred when it failed to have petitioner in Court at the time it entered its order of

October 28, 1958 in execution of the mandate.

It is from the denial of this motion that the petitioner appeals.

The petitioner contends that the voiding of the anchor sentence (Count II) leaves no direction as to when the remaining sentences are to commence. Hence, he argues, they are to commence in accordance with the controlling statute, 18 U.S.C.A. § 3568, on "the date on which such person is received at the penitentiary", or in other words concurrently with each other.

■ That the sentencing judge clearly indicated the intent that the sentence under the first count be five years and the sentences under all the remaining counts be served in a concurrent group consecutive to the first five year term was determined by us in Dailey v. United States, 7 Cir., 259 F.2d 433. This Court stated at page 434 of its opinion:

"It was clearly the intention of the Court to impose a sentence of five years on Count I, and that all of the additional Counts were to be served in a five-year period which would commence at the conclusion of the service of Count I. The Court specifically directed that the sentences on Counts III to IX, inclusive, were 'to be served.'

"Watson v. United States, 84 U.S. App.D.C. 86, 174 F.2d 253, is in accord. There, the so-called 'anchor sentence' with which other valid sentences were to run concurrently, was the sentence which was vacated. Chief Judge Stephens stated, 174 F.2d page 254: 'That a sentence may be void as an agency of punishment does not obliterate it from the records of the court so far as concerns its effect to evidence the intention of the court in respect of connected sentences.' "

That determination is not reviewable in this proceeding. Nor is it erroneous.

■ We further hold that it was not error that petitioner was not present in court at the time of the execution of our mandate. The rights of the defendant having been previously determined, and the District Court having no discretion but to follow our mandate, the presence of the defendant was not required.

We thank Mr. Charles I. Calisoff, court-appointed counsel, for his able presentation of petitioner's case.

Affirmed.