**Rubie Charles JENKINS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 9565.

United States Court of Appeals
Tenth Circuit.

Feb. 9, 1968.

Robert B. Miller, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Kansas denying relief sought by appellant under 28 U.S.C. § 2255. Appellant is presently confined in the United States Penitentiary at Atlanta, Georgia, pursuant to a sentence imposed within the District of Kansas on January 18, 1963, as follows:

"For a period of five (5) years on Count 2 of the indictment, for a period of five (5) years on Count 3 of the indictment, the sentence on Count 3 of the indictment to run concurrently with the sentence imposed on Count 2, and for a period of three (3) years on Count 4 of the indictment, the sentence on Count 4 to run consecutively to the sentence imposed on Count 2."

Jenkins appealed from the judgments of conviction and sentences imposed and this court vacated the conviction and sentence under Count 2 and affirmed Counts 3 and 4. McManaman v. United States, 327 F.2d 21. The question presented is thus whether a consecutive sentence specifically anchored to but one of two concurrent sentences remains a consecutive sentence after vacation of the specific anchor sentence. The trial court held that appellant's total sentence remained at eight years and thus answered the question in the affirmative.

In Owensby v. United States, 385 F.2d 58, this court held that sentences anchored to a totally void sentence should, under the circumstances there present, be considered as if no reference had been made to the void sentence. We were there concerned with resentencing procedures that, had the void sentence been considered as establishing the validity of the sentence, would have resulted in the imposition of increased sentences. But in the case at bar we are concerned neither with resentencing nor with an increased sentence. Owensby is distinguishable.

The government relies upon Watson v. United States, 84 U.S.App.D.C. 86, 174 F.2d 253, cited with approval in Dailey v. United States, 7 Cir., 303 F.2d 364, 366, wherein it is stated, in substance, that a void sentence may be void as an agency of punishment yet instrumental to probe the intention of the court in respect to connected sentences. In both of these cases this rule was applied to reach the conclusion that the failure of a reference sentence contained in a group of concurrent sentences imposed to run consecutively to a valid existing sentence did not change the consecutive nature of the entire group of sentences. But again, this is not our case. In Watson and Dailey the clear intent of the court was to impose a group of concurrent sentences to be served following a valid existing sentence. In the case at bar, application of the cited rule leads us to an opposite conclusion. Here, the consecutive sentence was anchored to Count 2 only, specifically and after pronouncement of sentence on Count 3. No indication of the total number of years intended by the sentence was made. In such case, we are compelled to interpret the sentence literally: that sen-

tence on Count 4 was to be consecutive to Count 2 only. It follows that after sentence on Count 2 was set aside appellant began service of Count 4 in accord with the compulsion of 18 U.S.C. § 3568 and on the date he was received for service.

The judgment is reversed.