**UNITED STATES of America**

v.

**John Jacob WELTY.**

**Crim. No. 21629.**

United States District Court
E. D. Pennsylvania.
June 28, 1968.

————◆————

Drew J. T. O'Keefe, U. S. Atty., Robert S. Blank, Asst. U. S. Atty., for plaintiff.

Herman I. Pollock, Defender, Philadelphia, Pa., John Packel, Asst. Defender, Defender Assoc. of Philadelphia, for defendant.

## OPINION

HIGGINBOTHAM, District Judge.

The defendant, presently incarcerated at the Federal Penitentiary, Atlanta, Georgia, has filed a motion pursuant to Rule 35, F.R.Crim.P., seeking to correct an allegedly illegally imposed sentence.

In his motion the defendant, serving a cumulative sentence of twelve years, arising from convictions on a five count indictment charging bank robbery and conspiracy,[1] seeks to have the sentences imposed on several of the counts vacated on the ground that it was improper to give more than one sentence on the counts arising under 18 U.S.C. § 2113—the Bank Robbery Statute. Relying on Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1958), the defendant argues that although describing separate offenses, the several provisions of 18 U.S.C. § 2113 here involved—§ 2113(a), (b) and (d)[2] —"merge" upon conviction for purposes of sentencing and are not consecutively punishable where only one bank and one robbery are involved, even if the total sentence imposed on the several counts is less than the maximum sentence which could be imposed on any single count. The result sought by the defendant is to have sentence vacated on three of the four bank robbery counts leaving

1. The indictment charged conspiracy in violation of 18 U.S.C. § 371 (Count 1); robbery in violation of 18 U.S.C. § 2113 (a) (Count 2); unlawful entry with the intent to commit a felony in violation of 18 U.S.C. § 2113(a) (Count 3); taking and asporting money with the intent to steal in violation of 18 U.S.C. § 2113(b) (Count 4); and assault with a deadly weapon in the commission of the offenses charged in Counts 2, 3 and 4 in violation of 18 U.S.C. § 2113(d) (Count 5).

2. The relevant subsections of 18 U.S.C. § 2113 read as follows:

§ 2113. *Bank Robbery and Incidental Crimes.*

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan institution; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, of any larceny—

Shall be fined not more than $5000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5000 or imprisoned not more than ten years, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

him with a prison term of eight years rather than the twelve which was imposed. I originally denied the motion by Order dated April 1, 1968.

At the time that the order was entered, motions to correct sentence had been filed in three similar bank robbery cases raising the same issue. I contemplated holding hearings within thirty days on the other cases, and writing one opinion to cover the issues of law raised in those matters and the instant one. For a variety of reasons the arguments on the additional three cases could not be scheduled until July, 1968. But since entering the Order of April 1, 1968, denying the motion to correct sentence, certain cases which were not cited[3] in any of the briefs or in the oral arguments made on the defendant's motion, have been called to my attention making it desirable for me to set forth precisely the basis upon which I denied the motion in this case. Particularly in view of Miller v. United States[4], supra, I recognize that the matter is not without difficulty, and that there are substantial reasons on each side which support vacating or not vacating the sentences on several of the counts. But in my opinion those reasons in favor of denying the motion to vacate have somewhat greater weight.

Perhaps the most decisive factors in justifying my denial of the relief requested are:

(1) My intent at the time of sentencing that the defendant receive a total sentence of twelve years in a situation wherein under the statute and the indictments in issue he could have received a maximum term of imprisonment of thirty years; and

(2) Neither the Supreme Court of the United States nor the Court of Appeals for the Third Circuit has ruled adversely on this factual situation.

A. *The Sentencing.*

At the sentencing, after denying the defendant's motions for a new trial, the Court addressed the defendant as follows:

> THE COURT: Very well.
>
> Mr. Welty, I will hear from you anything you would like to say, or your mother whom I recognize in the courtroom, or anyone else who wants to say anything I will be pleased to hear from them.
>
> THE DEFENDANT: I don't have anything to say, Your Honor.
>
> THE COURT: Do you want to call the mother up and see if she wants to say anything?
>
> MR. BALKA: Mrs. Welty.

3. Miller v. United States, 147 F.2d 372 (2d Cir., 1945); Kitts v. United States, 243 F.2d 883 (8th Cir. 1957); United States v. Trumblay, 286 F.2d 918 (7th Cir., 1961), cert. den. 365 U.S. 888, 81 S.Ct. 1041, 6 L.Ed.2d 198; United States v. Machibroda, 338 F.2d 947 (6th Cir., 1964); United States v. Poindexter, 293 F.2d 329 (6th Cir., 1961), cert. den. 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392; Bayless v. United States, 347 F. 2d 354 (9th Cir., 1965); United States v. Gardner, 347 F.2d 405 (7th Cir., 1965), cert. den. 382 U.S. 1015, 86 S.Ct. 626, 15 L.Ed.2d 529.

4. In Miller v. United States, supra, the defendant charged with violations of 2113 (a) and (d) and sentenced to consecutive ten year sentences on each count sought vacation of one of the sentences on the alternative grounds that the rob-

bery count merged into the aggravated count under (d); or that the imposition of the valid sentence on count one exhausted the Court's sentencing power, making sentence on the second count void. The government conceded that the two sentences were imposed for one offense but argued that the judgment should be affirmed because the aggregate sentence imposed on the two counts was not in excess of the sentence which could have been imposed on either of the counts. The Court of Appeals rejected this argument observing that:

> "In this situation, it is quite plain that because the court could have imposed on one count a sentence equal to the consecutive sentences he imposed on the two, the matter may not be treated as though he had done so."

The Court then ordered sentence vacated on one of the counts.

THE COURT: Mrs. Welty, I am not requiring you to say anything. I just wanted to make sure that anyone who wanted to say anything had the opportunity. I do not know whether you do or you do not, but you have that right.

MRS. WELTY: I really don't know what I should say. I know what I would like to say, but—

THE COURT: Very well. You impressed me very much on the stand. I know you have been a fine mother.

MRS. WELTY: Thank you.

THE COURT: I want you to leave here recognizing that you did everything you could.

MRS. WELTY: Thank you.

THE COURT: Mr. Braig.

MR. BRAIG: I have nothing to add, Your Honor, but I do have the agent, if Your Honor cares to hear from the agent.

THE COURT: I believe sentencing should not be rushed. This is a matter of substantial importance to the public and, of course, to the defendant.

If you want to say anything, Mr. Braig, or Mr. Smith, I will permit you to, or if not, I will impose my sentence.

MR. BRAIG: Nothing to add on the part of the Government, Your Honor.

THE COURT: Very well. The sentence of the Court is as follows:

On Count 1 of Bill of Indictment 21629 it is adjudged that the defendant John Jacob Welty is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of four years, and the defendant shall become eligible for parole under 18 U.S.Code Annotated 4208(A) (2) at such time as the Board of Parole may determine.

On Count 2 of Bill of Indictment 21629 it is adjudged that the defendant John Jacob Welty is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of four years; that the defendant shall become eligible for parole under 18 U.S.C. Annotated 4208(a) (2) at such time as the Board of Parole determines. The sentence on Count 2 is consecutive to the sentence on Count 1.

On Count 3 of Bill of Indictment 21629 it is adjudged that the defendant John Jacob Welty is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of four years, and the defendant shall become eligible for parole under 18 U.S.C. Annotated 4208(A) (2) at such time as the Board of Parole may determine. The sentence on Count 3 is consecutive to the sentences on Counts 1 and 2.

On Count 4 of Bill of Indictment 21629 it is adjudged that the defendant John Jacob Welty is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of four years. The defendant shall become eligible for parole under 18 U.S. C. Annotated 4208(a) (2) at such time as the Board of Parole may determine. The sentence on Count 4 is concurrent with the sentence on Count 3.

On Count 5 of the Bill of Indictment 21629 it is adjudged that the defendant John Jacob Welty is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of four years, and the defendant shall become eligible for parole under 18 U.S.Code Annotated 4208(A) (2) at such time as the Board of Parole may determine. The sentence on Count 5 is concurrent with the sentence on Count 3.

*Now, what your sentence is, Mr. Welty, is for a maximum of twelve years.* It is subject to the Board of Parole. If you go back to prison, and if you have the type of record which indicates that you can be substantially rehabilitated they may let you out substantially less than that. I leave it

totally to the Board of Parole and accordingly it will be dependent upon the type of record you establish in prison. I am certain they will take into consideration the fact that you are still on parole and that they will weigh all of the factors. So, it is really up to you. *It will not be more than twelve years.* It may be considerably less if you try to vindicate yourself. You have got a wonderful mother who has been, really, should have been a tower of strength to you. That is my sentence. (Emphasis added.)

Thus, by the judgment and notes of testimony it is demonstrably clear that my intention was to sentence the defendant to a maximum of twelve years. If defendant had been sentenced to twelve years on Count 2 alone, he would have no basis to file the instant request for a correction of sentence. Similarly, if he had been sentenced to five years on Count 1 and a consecutive seven year term on any of Counts 2 through 5, he would have no basis to request a correction of sentence. Thus the issue is whether he is entitled to have his present sentence reduced because of an alleged technical defect in sentencing *procedure.*

### B. *Appellate Consideration of the Issue of Multiple Sentencing.*

I am aware of the numerous Courts of Appeals' decisions in other Circuits which hold that a defendant may not be consecutively sentenced for violation of more than one provision of § 2113 arising out of a single robbery.[5] But I am aware of no reported decisions of the Court of Appeals for the Third Circuit dealing with the propriety of such sentencing.

The United States Supreme Court has ruled directly on one related aspect of the issue in Prince v. United States, supra. In that case the Court held that the offense of entering a bank with the intent to commit a felony, described in § 2113 (a), merged with the completed crime of robbery, also described in § 2113(a), so as to prohibit the imposition of consecutive sentences for violations of both provisions of the section. In holding that the crimes of unlawful entry and robbery were not two offenses consecutively punishable, the Supreme Court articulated its concern that indictments under both provisions of the subsection not be used as a way of pyramiding sentences beyond the statutory maximum which could be imposed on any one count. (The case involved a defendant sentenced to consecutive 20 and 15 years sentences for violation of both paragraphs of § 2113 (a)). There is no inference in the opinion that the Court would frown on a sentence which was substantially below the maximum possible, but imposed on several counts.

Despite the narrow scope of the holding in Prince v. United States, supra, later cases have cited the case for the broader proposition that the bank robbery statute prohibits the imposition of more than one valid sentence on counts arising under § 2113(a), (b) and (d). While I concur with these cases to the extent that they prohibit "pyramiding" of sentences in excess of the maximum permitted by the statute on any of the sections, I respectfully decline to adopt the rationale of those cases to the extent that it would permit a defendant to escape a carefully considered judgment merely because the sentence was pronounced on several counts instead of one, when a sentence much in excess of that handed down could have been imposed on any one of the counts. I recognize that my holding is irreconcilable with that of Miller v. United States, supra, with which it is substantially "on all fours"; thus I specifically reject the rationale of that case.

I conclude that to reduce the sentence from twelve to eight years pursuant to the defendant's argument would be to exalt form over substance in a situation where the defendant has suffered no injustice, but would receive an undeserved windfall; particularly in a situation where the Court's intention on sentencing was made indubitably clear. I concur completely with the rationale articulated

---

5. See note 3, supra.

by Mr. Justice Black in Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947) wherein he noted:

This Court has rejected the doctrine that a prisoner whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing [the] sentence * * *.

The Constitution does not require that sentencing [should] be a game in which a wrong move by the judge means immunity for the prisoner.

While partially distinguishable from the facts of this case, relevant also is the comment of Mr. Justice Frankfurter in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 656, 5 L.Ed.2d 670:

Plainly enough, the intention of the district [Court] judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment.

I therefore choose to rely on my considered judgment at sentencing in denying the motion.