**UNITED STATES of America**

v.

**John Jacob WELTY.**

**Crim. A. No. 21629.**

United States District Court,
E. D. Pennsylvania.

Aug. 18, 1971.

John Jacob Welty, pro se.

## OPINION

HIGGINBOTHAM, District Judge.

In his petition under 28 U.S.C. § 2255, John Jacob Welty seeks a re-computation of sentence which he contends would entitle him to his immediate release from imprisonment. The factual background to the present petition may be summarized as follows:

The defendant Welty was convicted on four counts under the Federal Bank Robbery Act (18 U.S.C. § 2113) and a count for conspiracy, all relating to the same bank robbery. On April 12, 1965 he was sentenced to imprisonment on the five counts, as follows:

Count 1: Conspiracy and violation of 18 U.S.C. § 371—four years.

Count 2: Robbery and violation of 18 U.S.C. § 2113(a)—four years.

Count 3: Unlawful entry with intent to commit a felony in violation of 18 U.S.C. § 2113(a)—four years.

Count 4: Taking and carrying away money with intent to steal in violation of 18 U.S.C. § 2113(b)—four years.

Count 5: Unlawful assault with a dangerous weapon in the commission of the above offenses other than conspiracy in violation of 18 U.S.C. § 2113(d)—four years.

The sentences on the first three counts were made consecutive, and the sentences on counts 4 and 5 each were made concurrent with the sentence on count 3. In imposing this structure of sentences I made clear that it was my intention that the defendant serve a maximum term of imprisonment of twelve years [1] for bank robbery, even though the total cumulative sentence imposed was significantly less than the statutory maximum which could have been imposed if defendant were sentenced only on Count 2—20 years, or only on Count 5—25 years.

In a subsequent petition under Rule 35, F.R.Crim.P., the defendant contended that the sentences constituted "multiple sentences for a single offense" and thus were invalid under the decision of the United States Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). This petition was denied and dismissed, but the Third Circuit subsequently reversed,[2] holding that the rationale of Prince v. United States was applicable to Welty's sentence structure even though the total terms of imprisonment to which the defendant had been sentenced did not exceed the sentence which could have been imposed on Count 2 or 5. The Court of Appeals concluded: "Welty's motion to correct the illegal sentences should have been granted. The sentences under counts 2, 3, and 4 should be declared invalid and vacated, and the sentences under count 1 for conspiracy and count 5 for violation of § 2113(d) will stand as originally imposed for terms of four years each." 426 F.2d at 619.

Welty now contends that because the sentences on the first three counts were made consecutive, and the sentences on Counts four and five were made concurrent with the sentence on Count three, the subsequent vacation of the sentences of Counts two and three mean that the valid sentence under Count five must now be considered as concurrent with, rather than consecutive to, the valid sentence imposed on Count one. According to this view, Welty would be considered to have commenced serving the term imposed under Count 5 on March 8, 1967, the day he was taken into federal custody.

[1]. United States v. Welty, 287 F.Supp. 580, 583–584 (E.D., Pa., 1968).

[2]. United States v. Welty, *supra*. 287 F. Supp. 580, rev'd. 426 F.2d 615 (3rd Cir., 1970).

If sentencing were to be considered a game of chance, rather than a difficult and serious process seeking to impose appropriate punishment for offenses committed against society, petitioner's argument might have great appeal. I can, however, find no support in precedent or in equity for the petitioner receiving a further windfall in avoiding the punishment imposed for the serious offenses of which he stands convicted. In Welty's prior attack on his sentences, the Court of Appeals explicitly declared that "the sentences under count 1 for conspiracy and count 5 for violation of § 2113(d) will stand as originally imposed for terms of four years *each*." 426 F.2d at 619 (emphasis added.)

In his contention that the sentence under Count 5 must be considered concurrent with the sentence under Count 1 the defendant relies on Jenkins v. United States, 389 F.2d 765 (10th Cir. 1968). In *Jenkins*, the sentences originally imposed were as follows:

"For a period of five (5) years on Count 2 of the indictment, for a period of five (5) years on Count 3 of the indictment, the sentence on Count 3 of the indictment to run concurrently with the sentence imposed on Count 2, and for a period of three (3) years on Count 4 of the indictment, the sentence on Count 4 to run consecutively to the sentence imposed on Count 2." 389 F.2d at 766.

In an appeal from the judgment of conviction and sentences imposed, the Court of Appeals vacated the conviction and sentence under Count 2, and affirmed Counts 3 and 4.

In ruling that the valid sentence under Count 4, which had been specifically anchored only to Count 2, could not be considered consecutive to the valid sentence under Count 3, the Court of Appeals noted that "the consecutive sentence [on Count 4] was anchored to Count 2 only, specifically and after pronouncement of sentence on Count 3. *No*

*indication of the total number of years intended by the sentence was made."* 389 F.2d at 766. (Emphasis added.)

Without any clear indication of the original intent of the sentencing judge, the Court of Appeals in *Jenkins* declined to apply the principle recognized in Watson v. United States, 84 U.S.App.D.C. 86, 174 F.2d 253 (1948) that "a void sentence may be void as an agency of punishment yet instrumental to probe the intention of the court in respect to connected sentences." 389 F.2d at 766.

In the present case, "the total number of years intended by the sentence" was clearly indicated at the time of its imposition, as recognized by the Court of Appeals in its decision in favor of Welty. 426 F.2d at 618, n. 10. Here, as in *Watson, supra,* "the clear intent of the court was to impose a group of concurrent sentences to be served following a valid existing sentence." 389 F.2d at 766. Under these circumstances, the reasoning and the result in *Jenkins* are not applicable here. The petitioner's motion for correction of sentence and immediate release, therefore, must be denied.

When defendant was first before me, I stated:

"I conclude that to reduce the sentence from twelve to eight years pursuant to the defendant's argument would be to exalt form over substance in a situation where the defendant has suffered no injustice, but would receive an undeserved windfall; particularly in a situation where the Court's intention on sentencing was made indubitably clear. I concur completely with the rationale articulated by Mr. Justice Black in Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947) wherein he noted:

" 'This Court has rejected the doctrine that a prisoner whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an er-

ror in passing [the] sentence * * *.

" 'The Constitution does not require that sentencing [should] be a game in which a wrong move by the judge means immunity for the prisoner.'

"While partially distinguishable from the facts of this case, relevant also is the comment of Mr. Justice Frankfurter in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 656, 5 L.Ed.2d 670:

" 'Plainly enough, the intention of the district [Court] judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment'." (287 F.Supp. 584–585.)

The Court of Appeals disagreed with my analysis that defendant's sentence should not be reduced from twelve years to eight years; however, the Court explicitly approved the consecutive sentences which totalled eight years: "the sentences under count 1 [One] for conspiracy and count 5 [Five] for violation of § 2113(d) will stand as originally imposed for terms of four years each." Immediately following this statement, the Court of Appeals included the following footnote (426 F.2d at 619, n. 15):

"Welty raises for the first time, on appeal, the contention that the conspiracy sentence under § 371 is invalid because there can be no *consecutive* punishment for conspiracy following the punishment for the substantive offense. The argument is without merit." (Citations omitted.) (Emphasis added.)

Thus, I assume that the Court of Appeals would not have discussed consecu-

3. The problem of consecutive sentencing under Title 18 U.S.C. § 2113 is apparently being further considered by the Court of Appeals of this Circuit. See United States v. Corson, No. 18,862, 3rd Cir., decided January 4, 1971; on April 5, 1971, the

tive sentences in the above footnote unless the Court considered consecutive punishment on Counts One and Five valid.[3]

An Order will be entered in accordance with this Opinion.

Court of Appeals vacated their prior order of reversal, and granted a rehearing *en banc*. The case was reargued *en banc* on May 11, 1971. No Opinion has as yet been filed.