(711 P.2d 771)

No. 57,910

PHILIP ANTHONY NIBLOCK, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Petition for review denied February 28, 1986.

Opinion filed December 31, 1985.

*Harold T. McCubbin*, of Harold T. McCubbin, Chartered, of Norton, for appellant.

*Rod Ludwig*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ABBOTT, C.J., SWINEHART and MEYER, JJ.

ABBOTT, C.J.: This is a K.S.A. 60-1507 proceeding. The defendant, Philip Anthony Niblock, argues that the Honorable Richard W. Wahl should have been disqualified from hearing the 60-1507 motion because of the judge's prior ex parte communication with the Kansas Correctional Institution at Lansing concerning defendant's sentence, and that defendant's sentences should all run concurrently.

The defendant was convicted and sentenced in 1980 as follows:

Count I - Aggravated robbery, K.S.A. 21-3427, five to twenty years, beginning September 22, 1980.

Count II — Felony theft, K.S.A. 21-3701, two to five years, to be served concurrently with Count I.

Count III — Aggravated assault, K.S.A. 21-3410, three to five years, to be served consecutive to the sentence imposed in Count I.

Count IV — Unlawful possession of a firearm, K.S.A. 21-4204(1)(b), two to five years, to be served concurrently with the sentence imposed in Count III.

On appeal, the Kansas Supreme Court reversed the conviction on Count III. *State v. Niblock*, 230 Kan. 156, 165, 631 P.2d 661 (1981). When the time came for defendant to be considered for parole, his unit team manager at the Kansas Correctional Institution at Lansing (KCIL) wrote to Judge Wahl to determine whether the sentence on Count IV, which had been anchored to the vacated Count III sentence, should run consecutive to or concurrent with Count I. Judge Wahl's response by letter was that the Count IV sentence should run consecutive to Count I. The result of this was that defendant was not eligible for parole consideration at that time.

Thereafter defendant filed a motion pursuant to K.S.A. 60-1507 along with a motion and supporting affidavit for change of judge pursuant to K.S.A. 20-311d. Defendant's 20-311d affidavit sets forth the above correspondence between KCIL and Judge Wahl as evidence that Judge Wahl had prejudged the issue raised by defendant in his 60-1507 motion, and that Judge Wahl was personally biased and prejudiced against defendant.

Defendant's motion for change of judge was considered and denied by Judge David S. Knudson.

Subsequently, Judge Wahl presided at defendant's 60-1507 hearing. After hearing argument from counsel and allowing defendant time to file a supporting brief, Judge Wahl concluded that the sentence imposed on Count IV was to be served consecutive to the sentence on Count I. Defendant appeals.

In *Hulme v. Woleslagel*, 208 Kan. 385, 392, 394, 493 P.2d 541 (1972), our Supreme Court held that the Kansas procedure for disqualifying a judge contemplated, first, a hearing on the legal sufficiency of the affidavit and, if sufficient, a hearing on the fact of bias or prejudice. The court further held that "the affidavit must contain facts and reasons which give fair support for the belief that on account of the bias or prejudice of the judge the affiant cannot obtain a fair trial." p. 392. The sufficiency of the affidavit is a question of law which the appellate court may determine. The court emphasized that the statute concerns the

belief of the party. 208 Kan. at 397. However, general allegations by the defendant are not sufficient. *State v. Logan*, 236 Kan. 79, 85, 689 P.2d 778 (1984).

Defendant's affidavit set out, as facts and reasons for his belief that Judge Wahl's determination of his 60-1507 motion would not be impartial, the ex parte correspondence between the judge and KCIL wherein the judge indicated what his finding would be on the very issue raised in the 60-1507 motion. Further, defendant argues Judge Wahl did not have defendant's records before him when he so advised KCIL.

Defendant also argues that Judge Wahl's ex parte letter concerning defendant's sentence was a violation of Supreme Court Rule 601, Canon 3(A)(4), which states that a judge should "neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding." 235 Kan. clxiv. Neither the defendant nor his attorney was advised of the correspondence between KCIL and Judge Wahl.

Whether an attorney violates the Code of Professional Responsibility or a judge violates the Code of Judicial Conduct are matters within the sole province of the Kansas Supreme Court, except this court can consider any alleged violation if it might constitute reversible error.

Hindsight tells us that Judge Wahl should have notified the defendant, his counsel and the State and given them an opportunity to respond. That he did not, and then subsequently heard the 1507 motion, does not amount to reversible error under the circumstances. We, however, need not even decide if it constitutes error, because the issue presented is one of law that we must decide independent of the trial judge's decision; thus, whether the trial judge should have recused himself is of no significance.

The determinative issue is whether the vacation of the sentence imposed on Count III caused Count IV to run concurrent with Count I.

It is settled that when multiple sentences are imposed at the same time, and the record is silent or fails to clearly express otherwise, the sentences will be construed to run concurrently. *State v. Thornton*, 224 Kan. 127, 577 P.2d 1190 (1978); *In re Weisman*, 93 Kan. 161, 163, 143 Pac. 487 (1914); K.S.A. 1984 Supp. 21-4608(1). The record in this case, however, is not silent or ambiguous.

Criminal sentences should clearly reveal the intention of the sentencing court. That intention should be determined by "the reasonable and natural implication from the whole entry." *United States v. Daugherty*, 269 U.S. 360, 363, 70 L.Ed. 309, 46 S.Ct. 156 (1926).

Although this issue has never been considered in Kansas, we do have guidance from the federal courts. In *Watson v. United States*, 174 F.2d 253 (D.C. Cir. 1948), the court held that the whole record must be considered to determine the intent of the sentencing court. The defendant in *Watson* argued that the vacated "anchor sentence" could not be considered in ascertaining the intent of the. sentencing court. The Circuit Court held: "That a sentence may be void as an agency of punishment does not obliterate it from the records of the court so far as concerns its effect to evidence the intention of the court in respect of connected sentences." p. 254. Accord *Dailey v. United States*, 303 F.2d 364 (7th Cir. 1962).

In *Dailey*, the defendant was sentenced to five years on count one and to five years on count two, to be served consecutively to count one. Several other sentences were to run concurrently with count two. When count two was subsequently vacated, the defendant contended the voiding of the count two anchor sentence left no direction as to when the concurrent sentences should begin and therefore they should run concurrently with count one. The court cited *Watson* with approval and held that it was the clear intention of the sentencing judge that the defendant serve five years under count one and that all remaining sentences run consecutively to count one.

The defendant urges this court to follow *Jenkins v. United States*, 389 F.2d 765 (10th Cir. 1968). In *Jenkins*, the defendant was sentenced in the district court of Kansas to concurrent sentences on counts two and three. A sentence on count four was to run consecutive to the sentence imposed on count two. After the conviction and sentence on count two were vacated, the trial court held that count four should run consecutive to count three. On appeal the Tenth Circuit noted that the consecutive sentence was specifically anchored to count two, after the sentence on count three had been pronounced, and no indication of the total number of years to be served had been made. The Tenth Circuit

reversed the trial court, holding that count four should run concurrently with count three. Since the count four sentence was consecutive only to count two, when count two was vacated, the sentence on count four began on the date defendant was received for service (concurrent with count three).

We disagree with defendant's argument that the *Jenkins* court disapproved of *Watson* and *Dailey*. *Jenkins* cited *Watson* and *Dailey* as cases in which the intention of the sentencing court to impose a group of concurrent sentences to run consecutive to another sentence was clear. Finding no such clear intention in *Jenkins*, the Tenth Circuit Court interpreted the sentences imposed literally. 389 F.2d at 766-67.

The case of *United States v. Welty*, 468 F.2d 594 (3d Cir. 1972), involved a defendant originally sentenced to consecutive sentences on counts one, two and three, with sentences on counts four and five to run concurrently with each other and with count three. When counts two, three and four were vacated, the district court held that the sentence under count five was consecutive to count one, finding *Jenkins* inapplicable. *United States v. Welty*, 330 F. Supp. 699 (E.D. Pa. 1971). On appeal, the Third Circuit Court affirmed. 468 F.2d at 595.

In the case at bar, it is clear to us it was the intention of the sentencing court to impose two concurrent sentences following a valid existing sentence; that is, that Counts I and II were to run concurrently, and that Counts III and IV were to run concurrently with each other but consecutive to Counts I and II. Although Count III was vacated, it was the intention of the sentencing court that Count IV be served consecutive to Count I.

Affirmed.