(758 P.2d 244)

No. 61,177

Nancy Lou Jarvis, *Appellant,* v. Laurence M. Jarvis, *Appellee.*

—

Opinion filed July 22, 1988.

*Thomas H. Bornholdt,* of Bornholdt, Landeck & Owens, of Overland Park, for appellant.

*Larry E. Benson,* of Laurence M. Jarvis, Chartered, of Kansas City, for appellee.

Before Rulon, P.J., Gernon, J., and C. Fred Lorentz, District Judge, assigned.

Rulon, J.: Nancy Lou Jarvis appeals the district court's decision upholding the parties' agreement whereby Nancy promised not to hire a particular attorney to represent her in any future action against her former husband, Laurence Michael Jarvis, a practicing attorney.

The undisputed facts of this case are as follows:

Nancy Lou Jarvis and Laurence Michael Jarvis were married in November 1970. They had two children, Heather and Carey. In April 1982, Nancy filed for divorce on grounds of incompatibility. On October 31, 1982, after extended negotiations, Nancy and Laurence signed an agreement as a condition precedent to their separation agreement whereby Nancy agreed not to hire Bernis G. Terry to represent her or her children in any action against Laurence. That same day, they executed a separation agreement. The following month, a divorce decree was filed dissolving their marriage and incorporating by reference the separation agreement.

Nancy subsequently filed a motion to increase child support, to resolve problems with visitation, and to void the agreement restricting Nancy's right to employ Bernis Terry in actions against Laurence. After a hearing, the court resolved the child support and visitation issues but took under advisement the question regarding the agreement. The court later held the agreement was valid and not contrary to public policy.

The sole issue we must decide is whether the agreement restricting Nancy's right to employ a particular attorney is void as against public policy. We find the agreement violates public policy and reverse.

Parties who are mentally competent may make contracts on their own terms. *Corral v. Rollins Protective Services Co.*, 240 Kan. 678, 681, 732 P.2d 1260 (1987). A party who has entered into a contract is bound by it even though the contract may prove to be unwise or disadvantageous to him. *Corral v. Rollins Protective Services Co.*, 240 Kan. at 681. Contracts are presumed legal and the burden rests on the party challenging the contract to prove it is illegal. *In re Estate of Shirk*, 186 Kan. 311, 326, 350 P.2d 1 (1960). See *Weiner v. Wilshire Oil Co.*, 192 Kan. 490, 496, 389 P.2d 803 (1964). If an agreement is against public policy, however, it is illegal and void. *Hunter v. American Rentals*, 189 Kan. 615, 618, 371 P.2d 131 (1962). A contract "is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, or tends to interfere with the public welfare or safety." *Hunter v. American Rentals*, 189 Kan. at 618.

In the present case, Nancy and Laurence made the following agreement:

### "AGREEMENT FOR CONDITION
### PRECEDENT TO SEPARATION AGREEMENT

"IT IS EXPRESSLY AGREED that this Agreement is made a part of the consideration flowing to each party for their entry into a Separation Agreement in the divorce case of <u>Jarvis vs. Jarvis,</u> Case No. 111234.

"Both parties do acknowledge that without this Agreement neither party would or will enter into said Separation Agreement.

"Nancy L. Jarvis agrees without any reservations or limitation that she will <u>never</u>, under any circumstances or facts - hire, retain, or employ Bernis G. Terry or any member of any law firm he is now or is hereafter associated with, to advise or represent her in this divorce case (No. 111234) or any other litigation against Laurence M. Jarvis. This includes but is not limited to any appeal, any motion, or any hearing concerning any dispute or development of any nature in the divorce case or any other litigation. *In other words, never again will Laurence M. Jarvis have to litigate any aspect of this case or any other with Bernis G. Terry representing Nancy L. Jarvis or his children.* [Emphasis added.]

"Nancy L. Jarvis will be able to retain, employ or hire any other attorney of her choice should she desire to litigate against Laurence M. Jarvis."

Nancy contends the agreement violates public policy because it restricts her right to secure the attorney of her choice. She

specifically contends Rule 2-108 of the Disciplinary Rules of the Code of Professional Responsibility and Rule 5.6 of the Model Rules of Professional Conduct evince a public policy that individuals should be allowed to obtain the attorney of their choice and that agreements restricting this right are against public policy.

Although whether an attorney violates the Code of Professional Responsibility is a matter within the sole province of the Kansas Supreme Court, this court may consider the Code for guidance in deciding nondisciplinary actions. *Niblock v. State,* 11 Kan. App. 2d 30, 32, 711 P.2d 771 (1985), *rev. denied* 238 Kan. 878 (1986). See *Farmco, Inc. v. Explosive Specialists, Inc.,* 9 Kan. App. 2d 507, 516, 684 P.2d 436 (1984).

Pursuant to Supreme Court Rule 225 (1987 Kan. Ct. R. Annot. 122), Kansas adopted the Disciplinary Rules of the Code of Professional Responsibility subject to some modification. The Kansas version of DR 2-108 provided:

"*Agreements Restricting the Practice of a Lawyer.* (A) A lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement, except as a condition to payment of retirement benefits. (B) In connection with the settlement of a controversy or suit, a lawyer shall not enter into an agreement that restricts his right to practice law, but he may enter into an agreement not to accept any other representation arising out of transaction or event embraced in the subject matter of the controversy or suit thus settled." (1987 Kan. Ct. R. Annot. 133.)

The above rules were replaced in March 1988, when Kansas adopted a modified version of the Model Rules of Professional Conduct. The Kansas version of MRPC 5.6 provides:

"A lawyer shall not participate in offering or making: (a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or (b) *an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties.*" (Emphasis added.) MRPC 5.6, Rules Relating to Discipline of Attorneys, p. 131 (March 1, 1988).

The comment to this rule provides:

"An agreement restricting the right of partners or associates to practice after leaving a firm not only limits their professional autonomy but also limits the freedom of clients to choose a lawyer. Paragraph (a) prohibits such agreements except for restrictions incident to provisions concerning retirement benefits for service with the firm.

"Paragraph (b) prohibits a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client." p. 131

Ethics opinions from other states also indicate restrictions on a lawyer's ability to practice are against public policy.

In Oregon, for example, it has been held that a settlement agreement may not include a provision that one of the attorneys will never again take a case against the opposing party. Maru, Digest of Bar Association Ethics Opinions 9819, p. 456 (1975 Supp.). See also Maru, Digest of Bar Association Ethics Opinions 10734, p. 115 (1980 Supp.). (A settlement agreement which includes a provision whereby a lawyer agrees he will never again represent anyone who has a claim against the defendant in the matter being settled violates DR 2-108[B], which is an assurance of the public's right to counsel through the lawyer's right to practice.)

An informal opinion of the American Bar Association indicated an attorney "may not communicate or implement his client's desire to require the opposing counsel not to represent a party against his client." Maru, Digest of Bar Association Ethics Opinions 5622, p. 90 (1970 Supp.).

MRPC 5.6 and the comments thereto indicate that the agreement before us is contrary to the public policy of Kansas because it indirectly restricts Bernis Terry's right to practice law as part of the condition of the divorce settlement between Nancy and Laurence and because it limits Nancy's freedom in choosing an attorney. Consequently, the agreement is void and unenforceable.

We need not discuss the other issues presented in light of our disposition of the above issue.

Reversed.