**Melvin L. LINDSAY, Appellant,**

**v.**

**UNITED STATES of America.**

**No. 19408.**

United States Court of Appeals,
Third Circuit.

Submitted Dec. 10, 1971.

Decided Jan. 11, 1972.

Melvin Lindsay, pro se.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., (Henry J. Horstmann, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

**868**

## OPINION OF THE COURT

### PER CURIAM:

This *pro se* appeal from a denial of relief under 28 U.S.C. § 2255 asserts: (1) that federal surrender of a prisoner to state authorities for prosecution on state charges terminates federal custody; (2) that petitioner's guilty plea was not knowingly and voluntarily entered; (3) that a state prosecution predicated on the same conduct for which petitioner stands convicted by a federal court constitutes double jeopardy. Proceeding *seriatim*, we can agree with none of the propositions propounded on this appeal.

On May 28, 1968, with counsel present, petitioner entered a plea of guilty to robbery of a federally-insured bank, in violation of 18 U.S.C. § 2113(a), (b) and (c). He was sentenced to twelve years' imprisonment on each of three counts, the sentences to run concurrently.[1] Subsequently, petitioner was taken from federal custody and surrendered to state authorities for questioning regarding the same robbery. On May 18, 1970, petitioner was arraigned on state charges for the same offense. The record indicates that, since then, he has remained in federal custody and has not been tried on the state charges. His petition for habeas corpus, properly treated by the district court as a motion under 28 U.S.C. § 2255, was denied. This appeal followed.

■ Petitioner's claim that federal custody was irretrievably lost when he was surrendered to state authorities for questioning is wholly without merit. As long ago as 1922, Chief Justice Taft stated that

[o]ne accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended,

but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it.

Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607 (1922).

Thus, there is properly no question of custody or jurisdiction involved. "The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." Derengowski v. U. S. Marshal, 377 F.2d 223, 224 (8th Cir. 1967); United States ex rel. Williams v. Fitzpatrick, 299 F.Supp. 260, 261 (S.D.N.Y. 1969). The record here indicates that petitioner's transfer fully comported with the procedures mandated by 18 U.S.C. § 4085(a).

■ We can find nothing in the record to support petitioner's contention that his guilty plea was not knowingly and voluntarily entered. Although his petition asserts that he "made a request to withdraw" the plea on December 19, 1968, there is no indication that a motion under F.R.Cr.P. 32(d)—or any paper which could be so construed—was then entered. We must agree with the district court that "[t]he record is clear that at no time did relator request to withdraw his plea of guilty nor did he challenge it as being involuntarily or unintelligently made." In this context, we note that petitioner did not appeal from

---

1. To conform with our holding in United States v. Conway, 415 F.2d 158, 166 (3d Cir. 1969), and pursuant to F.R. Cr.P. 35, the district court vacated the original sentence and imposed twelve years on count III of the indictment, suspending sentence on counts I and II.

either the original sentence of April 22, 1969, or from the corrected sentence imposed February 9, 1970. Moreover, although the district court failed to inquire as to the petitioner's personal understanding of the nature of the charge,[2] the guilty plea was accepted by the court before the Supreme Court's decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); the *McCarthy* requirement of personal interrogation is not applied retroactively. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Here, as in Woodward v. United States, 426 F.2d 959, 962 (3d Cir. 1970), the record amply supports the district court's finding of voluntariness.[3]

Finally, we must decline to pass on petitioner's allegation of double jeopardy. Whatever be the legitimacy of his argument, it must first be raised defensively in the state forum. The record indicates that Pennsylvania has not as yet proceeded against petitioner. He is here seeking relief from federal incarceration. Considerations of potential state prosecution simply have no bearing on the propriety of present federal detention.

The denial of petitioner's motion for relief under 28 U.S.C. § 2255 will be affirmed.

2. F.R.Cr.P. 11 provides:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. *The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.* If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. (Emphasis supplied.)

3. At the guilty plea hearing, the court inquired of the defendant's knowledge of

the possible consequences of the plea; whether there had been any promises of favor or reward; possible head injuries; prior mental illness; and, in several different ways, the voluntariness of the plea. (N.T., guilty plea hearings, 7-8.)

Moreover, at his April 22, 1969, sentencing—only a few months after petitioner alleges that he attempted to withdraw his guilty plea—he had this to say:

THE COURT: Mr. Lindsay, do you have anything to say in your own behalf?

THE DEFENDANT: Yes, sir. I don't have very much to say, Your Honor, but I am hoping that you would take everything in consideration, what my attorney expressed to you, and that I am pleading guilty and I am putting myself on the mercy of the Court, and I am asking for any lenience, consideration, which you possibly could give.