UNITED STATES of America

v.

John Jacob WELTY, Appellant.

No. 72-1165.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 26, 1972.

Decided Oct. 24, 1972.

John Jacob Welty, pro se.

Barton A. Hertzbach, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before STALEY, VAN DUSEN and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

Defendant appeals from the January 3, 1972, order [1] by the district court dismissing his application of November 18, 1971. He had requested in such application that he be remanded "from his illegal custody . . . [and] be delivered to this court" so that effect could be given to an October 27, 1971, order [2] of this court stating that his case be remanded to the district court in accordance with United States v. Corson, 449 F.2d 544 (3d Cir. 1971).

In 1965 defendant was found guilty of conspiracy in violation of 18 U.S.C. § 371 (1970) (Count 1); robbery in violation of 18 U.S.C. § 2113(a) (1970) (Count 2); unlawful entry with the intent to commit a felony in violation of § 2113(a) (Count 3); taking and asporting money with intent to steal in violation of § 2113 (b) (Count 4); and assault with a deadly weapon in the commission of the above

1. Memorandum Order of January 3, 1972 (Document 78, E.D.Pa., Criminal No. 21,629).

2. Order of October 27, 1971 (C.A.Misc. Record No. 2174).

offenses in violation of § 2113(d) (Count 5). He was sentenced to "FOUR (4) YEARS on each of counts 1, 2 and 3, to run consecutively (total 12 years) and FOUR (4) YEARS on each of counts 4 and 5 to run concurrently with each other and with the sentence imposed on count 3."[3]

In United States v. Welty, 287 F.Supp. 580 (E.D.Pa.1968), the district court denied defendant's motion under Rule 35 to correct this sentence as being illegally imposed. This court reversed, in United States v. Welty, 426 F.2d 615 (3d Cir. 1970), holding that under § 2113 Congress had created one ultimate offense and that a defendant could not receive separate sentences under each of its subsections, even though the aggregate of the sentences was less than the maximum which could be imposed under any one of the violated subsections. We declared that "[t]he sentences under counts 2, 3, and 4 should be declared invalid and vacated, and the sentences under count 1 for conspiracy and count 5 for violation of § 2113(d) will stand as originally imposed for terms of four years each." 426 F.2d at 619.

On remand, the district court, by order of August 12, 1970,[4] vacated the sentences on counts 2, 3 and 4. In United States v. Welty, 330 F.Supp. 699 (E. D.Pa.1971), finding Jenkins v. United States, 389 F.2d 765 (10th Cir. 1968), inapplicable, the district court ruled that the nonvacated sentence under count 5 was consecutive to the nonvacated sentence under count 1, even though count 5 had originally ·been concurrent with the vacated count 3. Thus, the effective sentence which the defendant is ˙ now serving is a four-year term of imprisonment on count 1 and a consecutive four-year term of imprisonment on count 5. We agree with the district court that this was the result intended by our 1970 decision reported at 426 F.2d 615.

The above-mentioned district court order of August 12, 1970, vacating counts 2, 3 and 4,[4] preceded our decision in *Corson*. Pursuant to our October 28, 1971, order, the district court considered *Corson*, and in its order of January 3, 1972, the district court indicates that it found in *Corson* nothing inconsistent with its 1971 decision reported at 330 F.Supp. 699. Again, we agree. Moreover, since the district court has already corrected the initial sentence imposed pursuant to our first decision in this case, we will not direct any additional resentencing under *Corson*.

The district court order of January 3, 1972, will be affirmed.

---

3. Sentence of April 12, 1965 (Document 53, ·E.D.Pa., Criminal No. 21,629).

4. Order of August 12, 1970 (Document 67, E.D.Pa., Criminal No. 21,629).