**UNITED STATES of America**

v.

**Alfred J. JASPER, Appellant.**

**No. 72–1776.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 8, 1973.

Decided June 22, 1973.

Robert E. J. Curran, U. S. Atty., Barton A. Hertzbach, James C. Sommar, Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Richard C. Glazer, Harry P. Begier, Jr., Orlofsky, Cozen & Begier, Philadelphia, Pa., for appellant.

Before FORMAN, VAN DUSEN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order of the district court which denied appellant Jasper's motion pursuant to Fed.R. Crim.P. 32(d) to withdraw a guilty plea, and which denied his motion pursuant to 28 U.S.C. § 2255 to vacate a judgment of sentence.

On May 28, 1968 Jasper and two codefendants entered pleas of guilty to all three counts of an indictment charging violations of 18 U.S.C. §§ 2113(a), (b) and (d). On April 15, 1969 Jasper was sentenced to imprisonment of fifteen years on each count, with the sentences on the second and third counts to run concurrently with that imposed on the first count. On December 16, 1969 Jasper filed a motion, pursuant to rule 35, for correction of sentence. He contended that multiple sentences on a single indictment growing out of a single bank robbery, even though concurrent, are illegal. *See* Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). He also contended that the fifteen year sentence is illegal because it is in excess of the maximum sentence of ten years permissible under 18 U.S.C. § 2113(b), the larceny count. On February 9, 1970 the district court, without the defendant being present either in person or by counsel, entered an order:

"AND NOW . . . under Rule 35 of the Federal Rules of Criminal Procedure and in light of the ruling of the United States Court of Appeals for the Third Circuit in United States v. Conway, 415 F.2d 158 (1969), it is hereby ORDERED, ADJUDGED

AND DECREED that the sentences imposed on Counts 1 and 2 of Indictment No. 23280 on April 21, 1969 [sic], are hereby vacated and the sentence corrected as follows:

'It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of fifteen (15) years on Count 3 of the Indictment. Imposition of sentence on Counts 1 and 2 is hereby suspended.' "

In the applications now before us Jasper urges (1) that because the district court failed, at the time his guilty plea was accepted, to comply with Fed.R.Crim.P. 11 he should be permitted to retract that plea and plead anew; (2) that the district court's failure to comply with rule 11 was compounded when the government attorney and the court at the hearing on his guilty plea gave him erroneous advice as to the possible maximum sentence which could be imposed if he were convicted on all counts of the indictment; (3) that the new sentence imposed was illegal when measured against the standard laid down in United States v. Corson, 449 F.2d 544 (3d Cir. 1971); and (4) that he was entitled to be present at all stages of the criminal proceedings against him, including the February 9, 1970 resentencing.

The district court, without conducting a hearing, evidentiary or otherwise, and without appointing counsel, rejected each of Jasper's contentions. It did so on the basis of a report and recommendation of a United States Magistrate, based on the transcript of the May 28, 1968 hearing on entry of Jasper's plea. The magistrate's report states: "It would appear, and the Notes of Testimony indicate, that the Court complied with the provisions of Rule 11." With respect to the advice about the possible maximum sentence the magistrate's report states: "There is no indication from the record that the statements made by the Assistant United States Attorney or the Court were in error and Petitioner has failed to establish his burden of persuasion." The report does not deal with Jasper's contentions that the new sentence is not in compliance with United States v. Corson, supra, and that he should have been present at his resentencing.

Rule 11 is designed to assure that a defendant who pleads guilty does so voluntarily, knowingly and intelligently. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court held that noncompliance by the court with the strict requirements of the Rule would be deemed automatically prejudicial. The remedy for such prejudice is permitting the defendant to plead anew. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (per curiam), however, the Court held that the per se rule of McCarthy v. United States, supra, need not be applied retroactively. The plea in this case was taken prior to April 2, 1969, the date of the McCarthy decision. In such cases if the court finds noncompliance with rule 11 a factual inquiry should be made to determine whether in fact the defendant's plea was voluntarily, knowingly and intelligently entered. Cf. Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (per curiam). When a petitioner has shown noncompliance the burden, in that factual inquiry is, upon the Government. Halliday v. United States, supra; Woodward v. United States, 426 F.2d 959, 963 (3d Cir. 1970). See United States ex rel. Crosby v. Brierley, 404 F.2d 790, 795–796 (3d Cir. 1968); United States ex rel. McCloud v. Rundle, 402 F.2d 853, 857 (3d Cir. 1968), cert. denied, 398 U.S. 929, 90 S.Ct. 1822, 26 L.Ed.2d 92 (1970). In Woodward v. United States, supra, we held that the Government had, in an evidentiary hearing, met that burden. In this case the district court held no hearing. Thus the order appealed from may be sustained only if the record in the proceedings leading to the plea shows compliance with rule 11, or if it shows conclusively that the plea was

voluntarily, knowingly and intelligently made. Short of these situations, a hearing is required.

■ Prince v. United States, *supra,* construed 18 U.S.C. § 2113 as not permitting the cumulation of sentences, although a single indictment may contain separate counts charging violations of each subsection. In United States v. Corson, *supra,* we considered what steps should be taken when a district court had in imposing sentence misapplied 18 U.S.C. § 2113 by imposing separate sentences on each count. We said:

> "In this case, the trial court erroneously imposed separate sentences on all three robbery counts. It is impossible to say that certain of these sentences rather than others were 'illegal' under Rule 35. Rather, it was the *cumulation* of sentences, *the sentencing in its entirety* which was 'illegal.' It was therefore error for the district court merely to have vacated the sentences on counts II and III and to have left standing the sentence on count I. Thus, all the sentences originally imposed were invalid and ought to have been vacated in their entirety, so that the appellant could then be resentenced.[16]

> "16. The remedy of resentencing is expressly required by *Prince,* 352 U.S. at 329, 77 S.Ct. 403, 1 L.Ed.2d 370; cf., United States v. Parker [143 U.S. App.D.C. 57] 442 F.2d 779 (D.C.Cir. 1971) ; Bryant v. United States, 135 U.S.App.D.C. 138, 417 F.2d 555 (1969). In addition, the resentencing alternative most fully protects the rights of the defendant. The defendant must be present at a resentencing just as if an original sentence were being imposed. Williamson v. United States, 265 F.2d 236, 239 (5th Cir. 1959) ; Fed.R.Crim. P. 43. Furthermore, in resentencing a defendant the district court is required to exercise its discretion anew in fixing the penalty and need not simply choose from among the sentences it originally imposed. 'Its duty [is] to resentence rather than vacate one part and reinstate another part of the original sentence.' Williamson v. United States, supra at 238." 449 F.2d at 551–552 & n. 16.

*Corson* explicitly directed that the resentencing be in conformity with Fed. R.Crim.P. 43, and that rule requires the defendant's presence. Consequently the remedy for correction of a sentence illegal under Prince v. United States, *supra,* was not the vacation of the sentences on some of the counts, but a resentencing at which the defendant must be present.

Thus the law governing this appeal is settled. If a violation of the *Prince* rule took place in the original sentencing the defendant must be brought before the court for resentencing. If at the time of entry of the guilty plea the district court did not comply with rule 11 the Government must establish that the guilty plea was voluntarily, knowingly and intelligently made or the defendant must be permitted to plead anew.

■ Complicating Jasper's resentence claim, however, is the fact that our decision in United States v. Corson, *supra,* with respect to the appropriate remedy for a *Prince* violation represented a change in the law from the remedy announced in United States v. Conway, 415 F.2d 158, 166 (3d Cir. 1969), cert. denied, 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1970). The district court, when it entered the February 9, 1970 order, acted in reliance on *Conway*, which had said:

> "Under these circumstances, we will direct the District Court to reword the sentences to show that they are imposed only under Count 2 of the indictment, which count charges the offense under 18 U.S.C. § 2113(d)." *Id.* at 166.

The proximity in time between Jasper's December 16, 1969 rule 35 motion and the district court's February 9, 1970 order suggests, although the order does not say so, that this order was on Jasper's motion. No appeal was taken from the February 9, 1970 order. The time for appeal expired before the filing of the moving papers now before us. To the extent that the order appealed from rejects a rule 35 motion identical to that on which the court acted on February 9,

1970, it is, on the ground of res adjudicata, correct. But the proceedings before us were brought not only pursuant to rule 35, but also pursuant to 28 U.S.C. § 2255. An attack upon the legality of a sentence may be made in a § 2255 proceeding, and principles of res adjudicata have only limited application to such proceedings. *See* Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The final paragraph of § 2255 applies. Here Jasper has applied to the district court for relief by motion and that court has denied him relief. The question then is whether "it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In *Sanders* the Court held that the statutory form of res adjudicata set forth on § 2255 applied:

> "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. at 15, 83 S.Ct. at 1077.

Equating the December 16, 1969 application to a prior application on the merits of the same sentence claim is difficult here, for while the illegality of the first sentence was presented, the illegality of resentencing in the absence of the defendant was not. Moreover, *Sanders* makes clear that because of the change in the law of remedies which took place between *Conway* and *Corson* the ends of justice would best be served by permitting a redetermination. The Court said:

> "If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." 373 U.S. at 17, 83 S.Ct. at 1078.

We conclude, therefore, that relief with respect to the resentence claim is available under § 2255 despite the February 9, 1970 ruling on Jasper's first rule 35 motion. Since that resentencing took place in his absence, at the least the order must be vacated and appellant brought before the district court for resentencing.

There remains the question whether he should also be permitted to retract his guilty plea and plead anew. We reject at the outset the magistrate's finding, adopted by the district court, that the record shows compliance with rule 11. The transcript of the April 15, 1969 proceeding shows it to be deficient in several respects. The requirements of rule 11 were stated for us by Judge Van Dusen in Woodward v. United States, *supra,* 426 F.2d at 962:

> "First, the court must satisfy itself that the defendant understands the nature of the charge. Routine questioning or a single response by the defendant that he understands the charge is insufficient. To satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt. Secondly, the court must assure itself that the defendant understands the possible consequences of his plea, including the maximum sentence that can be imposed together with any restriction on the availability of parole. . . Finally, the court must satisfy itself that a factual basis for the plea exists, although fulfillment of this requirement does not require interrogation by the court itself." (footnotes omitted).

The application of these three requirements to a plea to a multicount indictment under 18 U.S.C. § 2113 is more complex than in other cases because of the peculiarity that the various subsections of § 2113 make criminal different kinds of conduct. Thus it is entirely possible that a defendant, having the elements of the offense defined in each subsection explained to him, would realize that his conduct only fell within one

of the subsections. That realization could be quite significant, since not only the kinds of conduct but also the ranges of sentence differ between the subsections. In Jasper's case, for example, he was indicted under §§ 2113(a), (b) and (d). The maximum term under § 2113(a) is twenty years; that under § 2113(b) ten years; and that under § 2113(d) twenty-five years.

The transcript of the May 28, 1968 proceeding shows, with respect to Jasper's comprehension of the three charges, and with respect to the factual basis for a plea to all three charges, this single question and answer:

> "THE COURT: Are you pleading guilty because of your guilt, and for no other reason?
>
> MR. JASPER: Yes." (Tr. 2)

There was no advice or inquiry respecting the separate factual elements covered by the separate counts. The same transcript shows, with respect to Jasper's knowledge of the consequences of the plea:

> "THE COURT: And do you realize that you are subject to a maximum penalty of $5,000.00 fine and/or 20 years imprisonment?
>
> MR. JASPER: I do.
>
> THE COURT: Notwithstanding that, you are prepared to enter a plea of guilty?
>
> MR. JASPER: Yes, sir.
>
> [The Assistant United States Attorney]: Your Honor. Excuse me, sir. If it please the Court, perhaps it might be pointed out to Mr. Jasper that he is being indicted in each of the three counts in the indictment, and for that reason he faces a possible maximum of, I believe, 55 years in prison.
>
> THE COURT: Well, the Count One is $5000.00 and/or 20 years, Count Two is $5000.00 and/or ten years. Count Three is $10,000.00 and/or 25 years. Are you aware of that?
>
> MR. JASPER: Yes, sir." (Tr. 3–4)

Thus the court's first advice gave too low a maximum, the statement by the Assistant United States Attorney assumed, contrary to *Prince*, that the sentence could be pyramided, and the court, while finally stating the correct maximum on each count, did not correct the pyramiding misstatement. Jasper's "yes, sir" response to the first and last question is hardly sufficient to indicate that he knew the real potential consequences of his plea. Later, as the transcript makes clear, the mistaken impression that the maximum sentence was 55 years was reiterated by the district judge while addressing a codefendant in Jasper's presence. (Tr. 6) The record of the May 28, 1968 proceeding does not establish compliance with rule 11.

The Government urges that any defects in the rule 11 proceedings can be overlooked in this case because of the contents of the record at the time of Jasper's sentencing on April 15, 1969. At that time Jasper pleaded guilty to and was sentenced on another offense. In the same hearing sentence on the bank robbery counts was imposed. The only reference in the April 15, 1969 transcript to the factual basis for the bank robbery plea is a single sentence by his attorney:

> "This involved, the bank robbery involved the institution in South Philadelphia where the defendants were apprehended in the bank." (Tr. 2)

It does not appear from his report that even this scanty record was before the magistrate. Had it been, however, it would not have sufficed to carry the Government's burden of showing, where rule 11 has not been complied with, that the plea was voluntarily, knowingly and intelligently made. The sentencing proceeding does not establish, for example, whether Jasper knew that putting in fear is an essential element of an 18 U. S.C. § 2113(d) offense, or whether anyone was put in fear. Nor does it estab-

lish whether Jasper knew that carrying away more than $100 in money or value is an essential element of an 18 U.S.C. § 2113(b) offense, or whether any sum was carried away.

On appeal the Government also urges that because Jasper was represented by counsel at the time of his plea, that plea should, under the principles laid down in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970), and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), be insulated from collateral attack. Those cases deal, however, with the insulating effect of valid guilty pleas. They do not stand for the proposition that guilty pleas by counselled defendants are insulated from § 2255 challenge. For such challenges the governing authorities are Halliday v. United States, *supra*, and Woodward v. United States, *supra*.

We do not suggest that in all cases of guilty pleas accepted prior to April 2, 1969, the date of McCarthy v. United States, *supra*, and after July 1, 1966, the effective date of rule 11 as amended, where there was noncompliance with rule 11 the Government can meet the burden of establishing that the plea was voluntarily, knowingly and intelligently made only in an evidentiary hearing. There may well be cases where the record of the plea and the sentence establish the necessary facts quite conclusively. Moreover, in cases where the record is not conclusive the Government may be able, in a proceeding under 28 U.S.C. § 2255, to establish the facts by deposition.[1] *See* Sanders v. United States, *supra;* Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962); Moorhead v. United States, 456 F.2d 992 (3d Cir. 1972). In this case, however, the record is not sufficient and has not been supplemented in any way.

■ The order denying Jasper's motion for relief under 28 U.S.C. § 2255 will be reversed and the case will be remanded to the district court for the entry of an order directing that a hearing be held on Jasper's application to withdraw a guilty plea. If in that hearing the court concludes that his plea was not voluntarily, knowingly and intelligently made he should be permitted to plead anew. If the court concludes that the plea was made voluntarily, knowingly and intelligently he should be resentenced in accordance with United States v. Corson, *supra.*

VAN DUSEN, Circuit Judge (dissenting).

I respectfully dissent from the majority opinion.

In United States v. Welty, 468 F.2d 594 (3d Cir. 1972), this court held that resentencing was not always required when sentences under counts charging crimes under various subdivisions of 18 U.S.C. § 2113 had been amended, prior to our decision in United States v. Corson,[1] 449 F.2d 544 (3d Cir. 1971), to accord with the basic principle of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957), that penalties under such subdivisions may not be cumulated where a single bank robbery is the subject matter of all counts in this case, the amending sentence of February 9, 1970, was entered prior to *Corson* and was in effect a general sentence of 15 years on all counts. If, as I believe, such a sentence could have been validly imposed in 1970 on Count I[2] of the indictment, I

---

1. In this case since the defendant must in any event be brought before the court for resentencing, an evidentiary hearing probably will be the most expeditious course.

1. It is noted that the author of the *Corson* opinion was a member of the panel which joined in the opinion in *Welty, supra.*

2. The three-count indictment, to which defendant-appellant entered guilty pleas to each count, charged, *inter alia:*
   Count I. ". . . on or about April 24, 1968, . . . ALFRED J. JASPER, BERNARD HARRIS and MELVIN LINDSEY, did knowingly and unlawfully, enter the Citizens Bank and Trust Company, 1849 South Street, Philadelphia . . . ., with intent to

believe the case should be remanded so that the sentencing judge has the option of either amending the February 9, 1970, sentence to delete all words after "years"[3] or to vacate that sentence and bring the defendant back before him for resentencing, in the discretion of such sentencing judge.[4]

I believe that the record justified the district court's finding and conclusion that the Government had met its burden of showing a voluntary and knowing plea to Count I of the indictment.[5] As stated in Woodward v. United States, 426 F.2d 959, 963 (3d Cir. 1970), in regard to a plea entered prior to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969),

"[a]n examination of the record discloses that substantial evidence supports the District Court's conclusion that the plea was entered voluntarily." Also, defendant-appellant has made no allegation that would lead to a different result as to the plea to Count I.[6]

The elements of the crime with which the defendant-appellant was charged in Count I are (1) knowingly and unlawfully entering the bank, and (2) such entry being with intent to commit larceny. At the sentencing in April 1969, appellant's counsel conceded, in the presence of appellant, that he was representing the appellant at "this sentencing on the bank robbery. This involved the bank robbery, involved the institution in

---

commit larceny; the deposits of said bank being insured by the [F.D.I.C.] . . . ," in violation of 18 U.S.C. § 2113(a).

Count II. ". . . ALFRED J. JASPER, BERNARD HARRIS and MELVIN LINDSEY, did knowingly and unlawfully take and carry away with intent to steal . . . $54,221.00, . . . belonging to and in the care . . . and possession of the Citizens Bank . . . ," in violation of 18 U.S.C. § 2113(b).

Count III. ". . . on or about April 24, 1968 . . . ALFRED J. JASPER, BERNARD HARRIS and MELVIN LINDSEY, did knowingly and unlawfully put in jeopardy by the use of dangerous weapons, to wit: a shotgun in the possession of . . . ALFRED J. JASPER and a revolver in the possession of BERNARD HARRIS, the lives of employees and customers of the Citizens Bank . . . ," in violation of 18 U.S.C. § 2113(d).

3. The sentence would then read:
"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of fifteen (15) years."

4. Although we recognize that United States v. Corson, supra, 449 F.2d at 551–552, stated that resentencing is the better practice in most cases, it would exalt substance over form to require defendant to be brought halfway across the country from Leavenworth, Kansas, to Philadelphia, Pa., in order to have the sentence of February 1970 reworded to comply with Corson and delete any reference to

counts in the sentence. I see no reason to require that defendant should have been present in February 1970 (prior to Corson) when that sentence was entered, reducing the sentence previously imposed in April 1969. See United States v. Welty, supra.

5. Count I of the indictment is based on 18 U.S.C. § 2113(a), which provides, inter alia: "Whoever enters . . . any bank . . . with intent to commit in such bank . . . any larceny shall be . . . imprisoned not more than twenty years. . . ." The indictment based on the above language is set forth in note 2 above.

6. Accepting appellant's allegation (page 5 of Motion) that his counsel informed him in a conference a week before arraignment that "if he were to enter a plea of guilty that he probably would not receive a sentence in excess of ten (10) years" (emphasis supplied), the imposition of a 15-year sentence does not make the plea involuntary. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969). The use of the word "probably" shows that counsel was only giving an estimate of the length of the sentence the district court might impose if a plea were entered. Furthermore, subsequent to the entry of a guilty plea to this indictment and prior to the April 15, 1969, sentencing, defendant had entered a guilty plea to a charge of escaping from the custody of an authorized representative of the U. S. Attorney General (Cr.No.23,320, E.D.Pa.), so that the sentencing judge was entitled to consider this additional crime in imposing sentence.

South Philadelphia where the defendants were apprehended in the bank" (page 2 of transcript of sentencing proceeding of April 15, 1969). The appellant has never contended that he did not enter the bank with intent to commit larceny or that he was not apprehended with his co-defendants in the bank. He relies solely on his contention that no one explained to him at the time of his plea the nature of the charge and the elements of the crime. In *Woodward* this court held that it was proper to consider a colloquy taking place, prior to the pronouncement of sentence and during the sentencing procedure, in determining whether a defendant-appellant had voluntarily and knowingly entered his plea with an understanding of the nature of the charge.

Appellant contends that since he was informed at the arraignment that he could be sentenced to 55 years (as opposed to the correct maximum term of 25 years), he was not adequately informed of the consequences of his plea. On the facts presented by this record, I would apply the holdings in the Fifth and Tenth Circuits that misinformation, given to a defendant at arraignment by a district judge, which indicates a possible longer sentence than the law permits does not invalidate a plea of guilty entered after receipt of such misinformation. United States v. Woodall, 438 F.2d 1317, 1329 (5th Cir. 1971); Murray v. United States, 419 F.2d 1076, 1079 (10th Cir. 1969).[7] In United States v. Woodall the court said:

"Isolating all other factors that could influence a defendant in determining to enter a plea of guilty, the court is of the opinion that even if Woodall had been told the district judge could pyramid the maximum sentences under each of the separate counts of the

two indictments to which he pled, this factor would not invalidate his plea. The probability such information would have influenced Woodall *not* to change his plea so far outweighs the possibility that the prospect of stiffer punishment may have caused the change that we refuse to consider the latter as relevant."

Relying on Shutz v. United States, 432 F.2d 25, 29 (10th Cir. 1970), appellant contends that the conviction under Count I merged into Count II. After careful consideration, I reject this interpretation of Prince v. United States, 352 U.S. 322, 328, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). Judge Rosenn's opinion in United States v. Corson, 449 F.2d 544, 551 (3d Cir. 1971), makes clear that "the only practicable way of implementing *Prince* is to impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carried the greatest maximum sentence." Since it is clear that the conviction on Count I for an offense providing for a 20-year maximum supports the 15-year sentence imposed by the district court, it is not necessary to consider defendant's contention that the record does not support an explanation to the defendant at the time he entered his plea in May 1968 of the elements of the charges under Counts II and III. If a sentence does not exceed that which might have been imposed on any one valid count, the judgment and sentence remain in full force and effect, regardless of the disposition of other counts. See Glazerman v. United States, 421 F.2d 547 (10th Cir. 1970).[8]

This court has held on a record virtually identical[9] with the one now before the court that the plea of appellant's codefendant Lindsey was entered

7. In the *Woodall* case, the defendant was informed that the maximum term was 45 years, and in *Murray* he was informed that the maximum was 35 years (as opposed to the correct maximum of 25 years in both cases).

8. See footnote 4 above.

9. Prior to accepting appellant's plea, the trial judge specifically pointed out to him the separate penalties provided for the crimes described in each count of the indictment, whereas this procedure was not followed in the trial judge's colloquy with Lindsey.

knowingly, voluntarily and with understanding of the nature of the charges in the indictment. See Lindsey v. United States, 453 F.2d 867, 868–869 (3d Cir. 1972).

I would vacate that portion of the district court order from which this appeal is taken, which denies appellant's motion to withdraw his guilty pleas to Counts II and III of the indictment, and direct the district court to set aside such pleas, but in all other respects I would affirm such order.[10]

10. As noted above at page 2, the district court has the option of vacating the entire sentence and providing for return of the defendant-appellant for resentencing in its discretion, if this is deemed necessary under all the circumstances, since part of the language in the February 1970 sentence can be construed as "illegal." Cf. F.R.Crim.P. 35 and 28 U.S.C. § 2255.