**UNITED STATES of America**

v.

**Howard SIBERT.**

**Crim. No. 74–8.**

United States District Court,
E. D. Pennsylvania.

May 31, 1974.

Robert E. J. Curran, U. S. Atty., Gilbert J. Scutti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Lee Mandell, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is defendant's motion for a hearing to reconsider sentence or to withdraw the plea of guilty entered in the above-captioned case. Sibert was charged in a two-count indictment with the unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841. The defendant pleaded guilty to Count II of the indictment and the Government dismissed Count I at sentencing. On March 21, 1974, defendant was sentenced under the Youth Corrections Act, 18 U.S.C.A. §§ 5010(b) and 5017(c). The Court has heretofore de-

nied two motions for reconsideration of the sentence previously filed by the defendant. In that the defendant has advanced no cogent reason or basis in law or fact which would justify reconsideration or modification of the sentence imposed by the Court, the instant motion for reconsideration will also be denied.

■ As stated above, the defendant has petitioned the Court to grant a hearing on the motion to withdraw the plea of guilty. A careful and detailed review of the record to date, documentation submitted by the defendant, and the relevant law have convinced the Court that an evidentiary hearing is not required and that the motion to withdraw the plea of guilty must be denied. In the case of United States v. Jasper, 481 F.2d 976 (3rd Cir. 1973), Judge John J. Gibbons held that an evidentiary hearing is not required when the record in the proceedings leading to the guilty plea shows compliance with Fed.R.Crim.P. 11 or the record establishes conclusively that the plea was voluntarily, knowingly, and intelligently made. The transcript of the proceedings in which the guilty plea was entered establishes beyond question that the defendant understood the nature of the charge and the consequences of the plea and that there existed a factual basis to support such plea. The defendant entered the plea voluntarily and intelligently with the full assistance of counsel.

In light of the above findings, the Court need not conduct a hearing on the motion to withdraw the guilty plea.

Having dispensed with the necessity of a hearing, the Court will deny the motion to withdraw the plea. Fed.R. Crim.P. 32(d) provides that after sentencing a Court may set aside the judgment of conviction and permit the defendant to withdraw his plea to correct *manifest injustice*. The Court is unable to perceive any indication of such manifest injustice which would necessitate the withdrawal of the plea in this case.