**Stephen Luther EVANS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 74–1434.**

United States District Court,
E. D. Pennsylvania.

Oct. 10, 1974.

———◆———

Barbara R. Muehleib, Philadelphia, Pa., for petitioner.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for respondent.

MEMORANDUM

HUYETT, District Judge.

This motion to vacate and resentence is brought under 28 U.S.C. § 2255 (1970) and Fed.R.Crim.P. 43.[1] We grant the motion.

The case history here is long and involved, but the facts relevant to our inquiry are these. In 1963 petitioner pled guilty and was sentenced in Federal district court on five counts, one count under 18 U.S.C. § 371 (1970), a general conspiracy statute, and four counts under different subsections of 18 U.S.C. § 2113 (1970), the Federal Bank Robbery Statute (herein referred to as § 2113). Sentence was suspended on all five counts, and petitioner was placed on five-year probation. In 1964 petitioner was convicted in Federal district court of three counts under different subsections of § 2113 and was sentenced to eighteen years imprisonment under count two only. In January 1967 the probation imposed as a result of the 1963 guilty plea sentence was revoked, and petitioner was sentenced under the four § 2113 counts to four concurrent eighteen-year terms to run concurrently with the eighteen-year term imposed after the 1964 conviction. In June 1967 petitioner brought a § 2255 motion pursuant to Fed.R.Crim.P. 35 to correct his sentence. After an appeal and remand the district court judge, having previously vacated one § 2113 count of the 1967 sentence imposed after probation was revoked, vacated two other § 2113

1. 28 U.S.C. § 2255 reads in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Fed.R.Crim.P. 43 reads in part: The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules . . . The defendant's presence is not required at a reduction of sentence under Rule 35.

Fed.R.Crim.P. 35 reads in part: The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

counts leaving an eighteen-year sentence on one § 2113 count to run concurrently with the eighteen-year sentence imposed after the 1964 conviction.

This last adjustment was an attempt to rectify petitioner's sentence in light of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In *Prince* the United States Supreme Court held that the "pyramiding" of penalties under different counts based on separate subsections of § 2113 contravenes legislative intent. 352 U.S. at 327, 77 S.Ct. at 406. The Court further found that resentencing was the procedure necessary to rectify the original sentence. 352 U.S. at 329, 77 S.Ct. at 407. Subsequent to *Prince* the circuits split on the theory under which a sentence was to be cured.[2] In United States v. Corson, 449 F.2d 544 (3d Cir. 1971), the Third Circuit made its definitive statement. Finding that methods which invalidate one part of a sentence and retain another were unsatisfactory because "[i]t is impossible to say that certain of these sentences rather than others were 'illegal' under Rule 35," the court in *Corson* held that "the *cumulation* of sentences, *the sentencing in its entirety* . . . was 'illegal.'" 449 F.2d at 551. Significantly, the court further held that the "remedy of resentencing is expressly required" to protect petitioner's rights. 449 F.2d at 551–552 n. 16. In addition, the petitioner must be present at resentencing just as at the original sentencing, and the judge at resentencing must make a fresh determination of sentence rather than choose from among the original sentences. *Id.* Although the original sentences imposed in *Corson* as in *Prince* were consecutive, the Third Circuit applied the *Corson* reasoning and remedy to concurrent sentences in United States v. Jasper, 481 F.2d 976 (3d Cir. 1973), the second major Third Circuit case in this area of law.

Petitioner's relevant case history exactly parallels that of the petitioner's in *Jasper*. In both cases concurrent sentences were imposed under different subsections of § 2113 prior to *Corson*. In both cases petitioners filed pre-*Corson* motions pursuant to Fed.R.Crim.P. 35 for correction of sentence. These motions resulted in both cases in imposition of sentence on one count and suspension of sentence on the other counts. Neither petitioner was brought before the court for these procedures. Subsequent to *Corson* both petitioners brought motions under 28 U.S.C. § 2255 and Fed.R.Crim.P. 43 for resentencing in open court. In *Jasper* the district court denied the motion and the Third Circuit reversed.

In the present case the government has opposed petitioner's motion on several grounds. The government contends (1) that *Corson* should not be applied retroactively, (2) that *concurrent* illegal sentences as opposed to *consecutive* illegal sentences do not require resentencing in petitioner's presence, and (3) that earlier litigation has a res judicata effect. Much of the controversy between petitioner and the government centers on the question of whether or not *Jasper* is the law to be followed in this circuit. We conclude that it is.

Although the court did not address the issue directly, the government asserts that the way the *Corson* court framed its holding suggests the court intended its effect to be prospective only. The court held that "the merger theory is inconsistent with sound judicial policy and ought not hereafter to be followed." 449 F.2d at 549. Further the government points out that the illegal sentences in *Corson* were consecutive as in *Prince* while in *Jasper* they were concurrent. On the basis of this analysis the government argues that we follow United States v. Welty, 468 F.2d 594 (3d Cir. 1972), in which the court apparently approved the remedying a § 2113 sentence without the petitioner present. Although we recognize some possible

---

2. See United States v. Corson, 449 F.2d 544, 547 (3d Cir. 1971), for a discussion of the various theories and the circuits which espoused them.

confusion in this series of cases, we find that *Jasper* is the law to be followed in this circuit. Although Corson may suggest that its holding is prospective, there is, as we said before, no discussion of the issue. The *Jasper* court, by its action, implicitly rejects the argument that *Corson* is not retroactive. Moreover, the court's related discussion of the res judicata effect of the earlier Rule 35 hearing indicates its awareness of the chronology of previous litigation. The court explains, 481 F.2d at 979, that

Complicating Jasper's resentence claim, however, is the fact that our decision in United States v. Corson . . . with respect to the appropriate remedy for a *Prince* violation represented a change in the law from the remedy announced in United States v. Conway . . . . The district court, when it entered the February 9, 1970 order, acted in reliance on *Conway* . . . .

Nevertheless, basing its decision on the policy that the ends of justice required its action, the court held that since the issue of petitioner's presence at resentencing had never before been raised and since new law had evolved, the petitioner had to be brought before the court for resentencing.

We cannot accept United States v. Welty as explicit enough precedent to create a serious conflict with *Jasper*. Although the *Welty* court, in the last sentence of its opinion, refuses to remand for resentencing since the district court had already vacated all but two counts, it does not engage in any discussion whatever of its reasons for so doing. Further, the issue focused on in *Welty* was not the question of resentencing in open court; the issue concerned the district court's decision, 330 F.Supp. 699 (E.D.Pa.1971), that the single sentence under § 2113 would run consecutively with another sentence imposed under 18 U.S.C. § 371 (1970).

As it did with regard to the retroactivity issue, the court's action in *Jasper*

implicitly rejected the argument that the concurrent sentences attacked by petitioner significantly distinguished *Jasper* from *Corson*. The United States Circuit Court for the District of Columbia has articulated the danger of distinguishing between concurrent and consecutive sentences in a case like this. In Bryant v. United States, 135 U.S.App.D.C. 138, 417 F.2d 555 (1969), the court held, in the context of *concurrent* sentences,

The "entering" convictions accordingly must be set aside; and since we cannot say that the sentences for the affirmed convictions of robbery under Section 2113(a) were not influenced by the impermissible convictions under that section, we not only set aside the latter convictions as inconsistent with *Prince* but remand for resentencing on the robbery convictions . . . .

In other words, the *Bryant* court felt that a sentencing judge, influenced by the possibility of imposing several consecutive sentences, might be disposed to set a longer term of years than he would for a one-count indictment, even though sentences on all counts were to run concurrently. We note here that two of the cases the government cites in asking for a denial of the petition before us are questionable support. The government, in its brief, cites United States v. Shelton, 465 F.2d 361, 363 (4th Cir. 1972) for the proposition that the Fourth Circuit, relying on *Corson*, mandated a procedure for remedying sentence analogous to that already applied to petitioner.[3] The Fourth Circuit did not rely on *Corson*, however. In fact the *Shelton* court cited *Corson* as authority contrary to its holding. The government's reliance on Williamson v. United States, 265 F.2d 236 (5th Cir. 1959) is also misplaced. In *Williamson* the court remanded for resentencing in open court when the original consecutive sentences were declared illegal. The court did not, however, focus its attention in its resentencing directive on the consecutive nature

---

3. The Fourth Circuit, then, uses the method used by the Third Circuit prior to *Corson* of vacating one part of the § 2113 sentence and retaining another.

of the original sentences. Instead it held

There is no doubt that a prisoner's presence before the court is not required for a determination as to whether . . . a sentence should be set aside where there is no fact issue . . . So too, where an invalid sentence is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required. . . . But where . . . a sentence is set aside and the cause remanded for resentencing, the new sentence is to be pronounced in and as a part of the criminal proceeding. This is such a case. Where a person convicted of a criminal offense or offenses is to be resentenced, as was the case here, the presence of the defendant is as necessary as it was at the time of the original sentence. 265 F.2d at 239.

In view of our interpretation of the relation between *Corson* and *Jasper*, we find that petitioner, Stephen Luther Evans, must be brought before this court for resentencing.