

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2004

# USA v. Wooten

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Wooten" (2004). *2004 Decisions.* Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1967

UNITED STATES OF AMERICA

v.

KEITH WOOTEN,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 00-cr-00617-1
(Honorable Garrett E. Brown, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2004

Before: SCIRICA, *Chief Judge*, GARTH and BRIGHT*, *Circuit Judges*

(Filed: May 28, 2004)

OPINION OF THE COURT

*The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge.*

After pleading guilty to a charge of conspiring to distribute and possess with intent to distribute more than 50 grams of crack cocaine, defendant Keith Wooten was sentenced to 262 months' imprisonment. Wooten now appeals his conviction and sentence, claiming the District Court erred: (1) in accepting a guilty plea that was not voluntary and knowing; (2) in denying a motion to vacate his stipulation as to drug quantity; (3) in imposing his sentence; and (4) in denying his request for evidentiary hearings regarding drug weight and composition, drug quantity and warrantless search. We will affirm.

## I.

A grand jury returned a two-count indictment against Wooten. Count One charged Wooten with conspiring to distribute and possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. Count Two charged Wooten with distribution and possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On November 22, 2000, Wooten entered a guilty plea on Count One pursuant to a plea agreement with the government, providing that if Wooten pled guilty to Count One, the government would move at sentencing to dismiss Count Two. The parties also stipulated that: (1) the offense involved more than 50 grams, but less than one hundred fifty grams, of cocaine base; (2) Wooten's acceptance of responsibility warranted a 2-

2

level reduction; and (3) Wooten's entrance of a timely guilty plea warranted another 1-level reduction.

The plea agreement recited that "the violation of 21 U.S.C. § 846 charged in the indictment carries a statutory minimum penalty of ten years imprisonment and a maximum penalty of life imprisonment." But the agreement specifically cautioned that "the sentence to be imposed . . . is within the sole discretion of the sentencing judge, subject to . . . the United States Sentencing Guidelines." Further, the agreement recited that the government "cannot and does not make any representation or promise as to what guideline range will be found applicable," and that the government reserved the right "to take a position with respect to the appropriate sentence to be imposed."

Wooten accepted and signed the plea agreement. He also completed and signed a Rule 11 form on the day of his plea, acknowledging that it contained three stipulations and that life imprisonment was the applicable statutory maximum penalty.

At the plea hearing, the government stated that the base offense level corresponding to the stipulated amount of drugs involved in the Count One offense was 32. But the government specifically reiterated that there was no agreement as to the total offense level or applicable criminal history category. The court cautioned Wooten that he faced a mandatory minimum of ten years in prison and a maximum sentence of life imprisonment. The court also cautioned Wooten that he could not withdraw his plea

"on the grounds that anyone's prediction as to the guidelines range or expectation of sentence proves inaccurate."

During the plea hearing, Wooten confirmed his stipulation as to drug quantity. His attorney stated that there was "no evidence to challenge the weight." After questioning Wooten about his understanding and acceptance of the plea, the court determined the plea had a sufficient factual basis and was entered knowingly and voluntarily.

The Probation Office subsequently prepared a presentence investigation report which calculated the initial base offense level at 32, based on the stipulated quantity of drugs involved. Because Wooten qualified as a career offender under U.S.S.G. § 4B1.1, the offense level was adjusted to 37. Wooten then received a 3-level decrease, according to the plea agreement stipulations regarding acceptance of responsibility and cooperation. The Probation Office's final recommended offense level was 34.

At the sentencing hearing, Wooten moved to vacate his stipulation as to drug quantity, and he also requested a hearing on the weight and strength of the cocaine base. The court found no basis for vacating the stipulation in the plea agreement, noting the lab report demonstrated a weight over fifty grams, and that under the guidelines, "purity is not an issue." The court also found that Wooten's prior criminal convictions qualified him for career offender status. The court determined the applicable offense level was 34, with a criminal history of VI, carrying an applicable sentencing range of 262 to 327

4

months.   The court sentenced Wooten to 262 months imprisonment and five years supervised release.

## II.

The District Court had jurisdiction under 18 U.S.C § 3231.   We have jurisdiction under 28 U.S.C. § 1291.

## III.

### A.   **The Plea Was Knowing and Voluntary**.

Wooten contends the District Court erred in accepting his guilty plea.  Although he agreed to the government's offer, he claims he was not informed about the applicable statutory maximum and minimum sentence, nor that drug quantity and type was an element of the offense that the government must prove beyond a reasonable doubt. Because Wooten did not raise the voluntariness of his plea before the District Court, we review for plain error, and we "may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn,* 535 U.S. 55, 59 (2002).

To be constitutionally valid, a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).   Rule 11 of the Federal Rules of Criminal Procedure requires a sentencing judge to personally address the defendant in open court and ensure the plea is voluntary and that a factual basis exists.  *See United States v. Jasper*, 481 F.2d 976, 978 (3d Cir. 1973).

5

The District Court properly accepted Wooten's guilty plea. Wooten was informed in the plea agreement, and again during the plea colloquy, that his offense carried a mandatory minimum of ten years in prison, and a maximum of life imprisonment under the sentencing guidelines. The government expressly stated in both the plea agreement and during the plea colloquy that there was no stipulation as to what sentencing guideline range would ultimately apply. During the plea colloquy, Wooten confirmed that he understood his actual sentence could not be determined until after completion of the presentence report, and that he could not later withdraw his plea "on the grounds that anyone's prediction as to the guideline range or expectation of sentence proves inaccurate."

Further, at the plea hearing Wooten reaffirmed his stipulation on the issue of drug quantity. Defense counsel admitted that there was "no evidence to challenge the weight." Wooten acknowledged that he understood if he did not plead guilty, he would be entitled to a trial at which "the Government would have to prove [his] guilt beyond a reasonable doubt." Given the court's thorough inquiry into the factual basis for the plea agreement, as well as Wooten's understanding of and desire to enter into the agreement, we see no error.

**B.** **The District Court Did Not Err in Refusing to Vacate the Drug Quantity Stipulation.**

At sentencing, Wooten moved to vacate his stipulation that the offense involved more than fifty grams. He challenged the DEA's weight analysis as flawed and argued

6

that he should be given more time to have the drug weighed by his own expert. We review the District Court's finding of a factual basis for abuse of discretion. *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir. 2000).

We see no error. The court found the plea was supported by an adequate factual basis, based on the DEA lab report. Wooten received and examined this report before accepting the plea offer, and at the plea hearing, his attorney stated there was "no evidence" to challenge the DEA's listed weight. The court found that Wooten knowingly and voluntarily entered the plea agreement which specifically included the stipulation as to drug quantity. In rejecting the motion to vacate the stipulation, the District Court merely held Wooten to his side of the bargain, having benefitted from the government's agreement to dismiss the Count Two charge and to recommend a 3-level reduction in the total offense level. Where a defendant seeks to evade a validly accepted stipulation, we have "no difficulty in holding [the defendant] to the plea agreement for he seeks the benefits of it without its burdens." *United States v. Parker*, 874 F.2d 174, 178 (3d Cir. 1989).

**C.    The District Court Did Not Breach the Plea Agreement.**

Wooten contends that the District Court erred in imposing a sentence of 262 months imprisonment based on a base offense level of 37. At sentencing, the District

Court found Wooten qualified as a career offender under § 4B1.1.[1] This resulted in a base offense level of 37 for the applicable drug quantity. Wooten claims the District Court violated his plea agreement when it calculated his sentence using a base offense level of 37 instead of a base offense level of 32.[2] Because Wooten did not raise this objection at sentencing, we review for plain error. *United States v. Thornton*, 306 F.3d 1355, 1357 (3d Cir 2002).

The plea agreement did not include a stipulation as to applicable base offense level. The agreement contained only three stipulations – one relating to drug quantity, and two relating to the government's recommendation on decreases in the base offense level due to Wooten's acceptance of responsibility and cooperation. Contrary to Wooten's contention, the signed written agreement explicitly cautioned that the government "cannot and does not make any representation or promise as to what guideline range will be found applicable," and that "the sentence to be imposed . . . is within the sole discretion of the sentencing judge, subject to . . . the United States Sentencing Guidelines." At the plea hearing, the government recited the three stipulations and reiterated there was no agreement as to the applicable guideline range.

[1] Although he raised the issue at sentencing, Wooten has not appealed the District Court's finding that his prior offenses qualified him for career offender status under the guidelines.

[2] Count One charged Wooten with a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess With Intent to Distribute More than 50 Grams of Crack Cocaine. The applicable sentencing guideline for violation of 21 U.S.C. § 846 is located in U.S.S.G. § 2D1.1(c)(4) and carries a base offense level of 32.

Wooten confirmed he understood his sentence could not be determined until after completion of the presentence report, and that the court had authority to impose a sentence more or less severe than that provided by the guidelines. We see no error.

**D.     The Sentence Imposed Did Not Violate *Apprendi v. New Jersey*.**

Wooten alleges the District Court deprived him of his Due Process and Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his 262 month prison sentence exceeded the statutory maximum for the applicable offense. But there can be no due process violation because Wooten was sentenced to a term of imprisonment less than the maximum sentence applicable for a violation of 21 U.S.C. § 846. The plea agreement Wooten signed specifically informed him that based on the stipulated drug quantity, the offense to which Wooten pled guilty carried a maximum penalty of life imprisonment.

In addition, by stipulating to drug quantity as part of his guilty plea, Wooten waived his Sixth Amendment right to have this issue submitted to a jury. *See Neely v. Pennsylvania*, 411 U.S. 954, 957 (1973) ("A guilty plea constitutes a waiver of the fundamental rights to a jury trial . . . and to be convicted by proof beyond all reasonable doubt."); *see also United States v. Leachman*, 309 F.3d 377, 384 (6th Cir. 2002) (where defendant "pled guilty to an indictment that specified the amount of drugs" he "effectively waived his rights to have the amount of drugs proved to a jury beyond all reasonable doubt when he pled guilty").

9

**E.** **The District Court Did Not Abuse its Discretion in Evidentiary Hearings.**

Wooten contends the District Court erred in denying several motions requesting hearings on suppression of evidence and drug quantity and composition. Because the request for a suppression hearing was made prior to entering the plea agreement, Wooten's subsequent guilty plea waived his right to appeal the legality of the search. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (a defendant who pleads guilty waives the right to appeal "independent claims relating to the deprivation of constitutional [or non-constitutional] rights that occurred prior to the entry of the guilty plea."). At sentencing, Wooten's attorney conceded that all outstanding motions were effectively withdrawn at the time he entered the guilty plea.

Wooten also submitted a motion several months after entering his guilty plea, requesting a hearing on drug quantity and composition. At sentencing, the District Court rejected Wooten's request to conduct hearings on the drug quantity and composition.

Wooten entered a binding plea agreement which included a stipulation as to the drug quantity. The District Court accepted Wooten's guilty plea, finding that the plea was knowing, voluntary and factually sound. The actual weight of the cocaine base contained in a drug mixture is irrelevant for sentencing purposes under § 841(b)(1)(a)(3). *See* U.S.S.G. § 2D1.1, Note A ( ". . . the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance."); *see also United States v. Gurgiolo*, 894 F.2d 56, 60-61 (3d

Cir. 1990) ("Drugs containing detectable amounts of [illegal] substances . . . should be weighed as a whole, irrespective of purity."). The District Court did not err in rejecting Wooten's request for a hearing on drug quantity and composition.

## IV.

For the reasons set forth, we will affirm the judgment of conviction and sentence.