DLD-084                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1860
_____

RICKY MILLER,
                                    Appellant

v.

MONROE COUNTY; KEN MORRIS, Sheriff; GEORGE LITTLES, Secretary of
PADOC; ROBERT CHETIRKIN, Administrator of EJSP

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-00759)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: February 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant, Ricky Miller, is a Pennsylvania prisoner who was previously

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

incarcerated in New Jersey. In February 2022, he filed a civil rights complaint in the District Court claiming that his due process rights were violated when Pennsylvania took custody of him pursuant to a detainer. According to Miller, Pennsylvania was not permitted to take him into custody because he had not yet served the supervised release portion of his New Jersey sentence. By way of relief, Miller sought a preliminary injunction directing the defendants to return him to New Jersey custody; a judgment declaring that his constitutional rights had been violated; and money damages. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice for failure to state a claim. Miller appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam) (explaining that an order that dismisses a complaint without prejudice is final and appealable if the plaintiff declares his intention to stand on his complaint). We review the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Upon review, we agree with the District Court that Miller failed to state a due process claim. Contrary to Miller's contention, a prisoner does not have a constitutional right to be released upon expiration of a custodial sentence in one jurisdiction if he is subject to a detainer in another jurisdiction. Cf. Lindsay v. United States, 453 F.2d 867, 868 (3d Cir. 1972) ("The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." (quotation marks omitted)). Moreover, Miller did not identify any

2

Pennsylvania or New Jersey law that would preclude him from vindicating his federal rights, nor did he allege that the Pennsylvania or New Jersey courts did not afford him the full protections of the law. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Finally, as the District Court noted, to the extent that Miller sought release from Pennsylvania custody, the proper vehicle to do so was via a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Accordingly, we will summarily affirm.